## MARCHANT ET AL. v. OLSON ET AL.

[No. 22,568. Filed November 18, 1915.]

1. COURTS.—*Jurisdiction.*—*Exclusiveness.*—When a court acquires jurisdiction of the subject-matter of a cause its power continues to final disposition, to the exclusion of authority to interfere by a court of coördinate jurisdiction. p. 19.

2. WILLS.—*Probate.*—*Nature of Proceeding.*—The probate of a will is a proceeding *in rem*, defining and fixing the status of the estate. p. 19.

3. WILLS.—*Probate.*—*Suit to Contest.*—*Jurisdiction.*—Where a will was presented and admitted to probate in the circuit court it acquired jurisdiction over the estate which could in no way be affected by any subsequent change in representative from executor to administrator or by the substitution of heirs for legatees, and since the court first acquiring jurisdiction over specific property continues its authority to final determination free from any right of interference except by an appellate tribunal, it had exclusive

jurisdiction of a suit to contest such will, notwithstanding the superior court of the county was vested by statute with general concurrent jurisdiction  p. 19

From Lake Superior Court; *Lawrence Becker*, Judge.

Action by William H. Marchant and others against Luella Olson and others. From a judgment of dismissal, the plaintiffs appeal. *Affirmed.*

*McMahon & Conroy* and *Crumpacker & Crumpacker*, for appellants.

*D. E. Kelley, Otto J. Bruce* and *W. Vincent Youkey*, for appellees.

MORRIS, J.—Suit by appellants in the Lake Superior Court, to contest the will of Henry Chester, deceased. The complaint alleges, among other things, that in 1910, Henry Chester died in Lake County leaving appellants, among others, as his heirs; that an instrument purporting to be his will was probated in the Lake Circuit Court in June, 1911; that the will is invalid because decedent was of unsound mind, and because the instrument was unduly executed and was procured by undue influence. Appellees filed a motion to dismiss the suit because the Lake Circuit Court had exclusive jurisdiction of the action. The motion was sustained and the cause was dismissed. The only question here presented is the propriety of such ruling.

The circuit court of Lake County was originally invested with exclusive original jurisdiction in the settlement of decedents' estates. Acts 1881 (s. s.) p. 102, §1433 Burns 1914, §1314 R. S. 1881. Section 2724 Burns 1914, §2217 R. S. 1881, provides that "The circuit courts of this state shall have exclusive original jurisdiction of all matters relating to the probate and contest of last wills and testaments, the granting of letters testamentary and of

administration, and the settlement and distribution of decedents' estates. The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted." Acts 1881 (s. s.) p. 423. The circuit court of Lake County sits at Crown Point.

In 1907 the Lake Superior Court was created with the city of Hammond designated as the place of holding its sessions. It was invested with concurrent jurisdiction of all matters of which the Lake Circuit Court then had, or might thereafter acquire jurisdiction. Acts 1907 p. 170, §1527 Burns 1914.

Section 2737 Burns 1914, §2222 R. S. 1881 provides for the issuance of letters testamentary when a will is admitted to probate, while §§3161, 3162 Burns 1914, §§2603, 2604 R. S. 1881, makes provision for the revocation thereof on a successful contest of the will. When a court acquires jurisdiction of the subject-matter of a cause its power continues to final disposition, to the exclusion of authority to interfere by a court of coördinate jurisdiction. Such rule avoids confusion and needless expense. *Boos* v. *State* (1911), 175 Ind. 389, 391, 94 N. E. 410; *Gregory* v. *Perdue* (1867), 29 Ind. 66, 69; 7 R. C. L. 1066, §105. Appellants' counsel appear to concede the general application of such rule, but contend that the circuit court, in admitting this will to probate, in a proceeding to which appellants were not parties, acted *ex parte* for the mere purpose of laying the foundation for the further administration of the estate, and that the contest as to the will's validity is a separate and independent proceeding which may be instituted in another court of compe-

tent jurisdiction.   The position is not tenable.
The probate of a will is a proceeding *in rem*, de-
fining and fixing the status of the estate.   18 Cyc
64.   The court first acquiring jurisdiction of specific
property continues its authority to final determina-
tion free of any right of interference except by an
appellate tribunal.

In *Dinwiddie* v. *Shipman* (1915), 183 Ind. 82,
108 N. E. 228, this court held that a decision in a
will contest determines whether the estate shall be
administered by an administrator or executor and
whether it shall be distributed according to the de-
sires of the decedent, as embodied in the pro-
visions of the will, or by the rules prescribed in the
laws of descent and distribution.   We are of the
opinion that the Lake Circuit Court had exclusive
jurisdiction of any action to contest the will after
the testament had been presented and admitted to
probate.   It thereby acquired jurisdiction of the
estate of the decedent, which would in no wise be
affected by the possible subsequent change in rep-
resentative from executor to administrator or by
the substitution of heirs for legatees in the distribu-
tion of the surplus remaining after the payment of
debts.   *Young* v. *Hamilton* (1910), Ann. Cas. 1912
A 150, note.   Judgment affirmed.

NOTE.—Reported in 110 N. E. 200.   Conflicts of courts of concur-
rent jurisidction, see 29 Am. St. 310.   Right to control action as be-
tween two courts of concurrent jurisdiction, see 1 Ann. Cas. 409;
Ann. Cas. 1915 B 318.   See, also, under (1) 11 Cyc 985; (2) 40 Cyc
1224; (3) 40 Cyc 1252.