STATE EX REL. WILSON, ETC. *v.* HOWARD CIRCUIT
COURT, ETC. ET AL.

[No. 29,548. Filed October 1, 1957.]

*John E. Fell,* of Kokomo, *Bishop & Bishop,* of Flora, and *Grabill & Baker,* of Indianapolis, for relator.

*Cole, Wildman & Cole,* of Peru, for respondent.

EMMERT, J.—This is an original action for a writ of prohibition to prohibit the Howard Circuit Court from exercising further jurisdiction in the administration of the estate of Lucy Schuler Wilson, deceased. We issued the temporary writ, and the final disposition of the action here depends on whether the respondent court or the Howard Superior Court has jurisdiction of this estate. The issue here is made possible, if not invited, by §4-4006, Burns' 1946 Replacement (Supp.) (§6, ch. 262, Acts 1953), which confers on the Howard Superior Court concurrent jurisdiction in "all probate matters, actions and proceedings of which the Howard Circuit Court has jurisdiction."

The facts present a case of first impression in this State, and we have not been cited any similar case from any other jurisdiction. Lucy Schuler Wilson, the wife of relator, died April 5, 1957, leaving surviving her husband, and two children as her heirs at law. On the same day she died, William T. Wilson filed with the Clerk of the Superior Court, then in vacation, his verified objections to the probate of "a pretended will" of decedent, which he alleged was about to be presented for probate, providing for the disposition of her property by terms unknown to him. The same person was Clerk of both courts, and at the same time Wilson filed with the Clerk of the Howard Circuit Court, then

in vacation, his verified objections to the probate of the same pretended will.

Thereafter, but on the same day, Wilson filed with the Clerk of the Howard Superior Court his verified petition for his appointment as Special Administrator of the estate of his late wife. On April 8, 1957, the Superior Court in term made a finding and order on this petition, and appointed relator special administrator, fixing the amount of his bond, and providing for his duties in his trust. On the same day relator filed his bond and oath and the Clerk issued him special letters of administration.

On April 8, 1957, Elwood H. Hillis filed and presented in the Howard Circuit Court a will and codicil thereto of Lucy S. Wilson, in which he was named executor, together with his verified petition for the probate of the same and the issuance of letters testamentary to him. The will was impounded and copied in the will record by the Clerk of the Circuit Court as required by §7-116, Burns' 1953 Replacement. Thereafter, on April 11th, Elwood H. Hillis, the named executor, filed with the Howard Circuit Court, his verified petition for his appointment as special administrator, which was then granted and he qualified the same day.

The conflict of jurisdiction was presented to the Howard Circuit Court, and on May 3rd it made the following order:

"IT IS, THEREFORE, ADJUDGED AND DECREED, That:

"1. The letters of special administration issued to Elwood H. Hillis should be and are now suspended and revoked until the further order of the Court; and it is further ordered, adjudged and decreed that the petitioner's request for an order that the will and any action to resist the probate thereof be transferred to Howard Superior Court is now denied."

An original action in our court only brings in issue the jurisdiction of the lower court. Section 3-2201, Burns' 1946 Replacement (Supp.). *State ex rel. City of Indianapolis* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409; *State ex rel. McMinn* v. *Gentry, Judge* (1951), 229 Ind. 615, 618, 100 N. E. 2d 676. There have been many general definitions of jurisdiction in the books, but each must be understood in reference to the facts and issues under consideration, although all agree it involves the exercise of legal power by the court. As the issue is involved in this decision, jurisdiction is the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 102, 54 N. E. 442; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 384, 103 N. E. 10; *State ex rel. Robertson* v. *Circuit Court of Lake County* (1938), 215 Ind. 18, 25, 17 N. E. 2d 805; *General Invest. Co.* v. *New York C. R. Co.* (1926), 271 U. S. 228, 230, 46 S. Ct. 496, 70 L. Ed. 920, 921; *Bd. of Co. Commrs.* v. *Gwin* (1894), 136 Ind. 562, 36 N. E. 237, 22 L. R. A. 402; Restatement, Judgments §§7-8. "The power to decide at all carried with it the power to decide wrong as well as right. *Smurr* v. *The State* (1886), 105 Ind. 125, 127, 4 N. E. 445, *supra; Snelson* v. *State* (1861), 16 Ind. 29, 32; *Lantz* v. *Maffett et al.* (1885), 102 Ind. 23, 28, 26 N. E. 195, *supra.*" *State ex rel. City of Indianapolis* v. *Brennan, Judge* (1952), 231 Ind. 492, 497, 109 N. E. 2d 409, *supra.*

The power to entertain any matter and to act therein must come from the Constitution or from some statute. "This power to act judicially is limited to that given to courts by the law of the land and cannot be conferred by the consent or request of parties

in cases where the court would otherwise be without it. It is the law which gives jurisdiction and it must follow as a fundamental rule, applicable to all cases, that such jurisdiction can be invoked only by some method known to the law." *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 384, 103 N. E. 10, *supra*. "The jurisdiction and duties of a circuit court of the State of Indiana, and the methods prescribed by which the court shall exercise its jurisdiction, must be conferred by constitutional and legislative authority." *State ex rel. Robertson* v. *Circuit Court of Lake County* (1938), 215 Ind. 18, 23, 17 N. E. 2d 805, *supra*. " 'Jurisdiction is grounded on constitutional or statutory authority, the existence of which is always a judicial question.' *Warren* v. *Indiana Telephone Co., supra* [(1940), 217 Ind. 93, 26 N. E. 2d 399]." *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 14, 101 N. E. 2d 60.

The power to entertain a particular proceeding may depend upon compliance with statutory conditions precedent to the exercise of that power.[1] "Necessarily the statutes upon which the proceeding is based, if a statutory one, must be taken into consideration in determining the sufficiency of the pleading to confer jurisdiction. The averment of matters which the statute makes jurisdictional is an indispensable prerequisite to the attaching of jurisdiction over the subject matter." I Freeman, Judgments (5th Ed.), §338, p. 680. This court has followed this rule in special statutory proceedings unknown to the common law. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 14,

---

1. "But even though there is notice and an opportunity to be heard, the judgment will be void if there has been a failure to comply with a requirement which is a condition precedent to the exercise of jurisdiction by the court." Restatement, Judgments §8, p. 47.

106 N. E. 2d 441; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 169, 96 N. E. 2d 268.

The right to make a will is statutory. *Pfaffenberger* v. *Pfaffenberger* (1920), 189 Ind. 507, 511, 127 N. E. 766. Proceedings to resist or set aside the probate of a will are also statutory. *Moll* v. *Goedeke* (1940), 107 Ind. App. 446, 25 N. E. 2d 258. Likewise the proceedings to settle an estate, whether the decedent died testate or intestate, are statutory, and once a court obtains jurisdiction over the estate, it is not ousted from that jurisdiction except pursuant to statute.

Section 7-415, Burns' 1953 Replacement (§1015, ch. 112, Acts 1953), provides for the appointment of a special administrator, the provisions material to the issue here being as follows:

"A special administrator may be appointed by the court if:
"(a) . . .
"(b) . . .
"(c) If any person shall have died testate and objections to the probate of his will shall have been filed as provided by law."[2]

---

2. The remaining part of this section follows:
"The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment. The fact that a person has been designated as executor in a decedent's will shall not disqualify him from being appointed special administrator of such decedent's estate or any portion thereof.
"The special administrator shall make such reports as the court shall direct, and shall account to the court upon the termination of his authority. Otherwise, and except as provsions of this code by terms apply to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives in this code shall apply to special administrators. The order appointing a special administrator shall not be appealable." Section 7-415, Burns' 1953 Replacement [Acts 1953, ch. 112, §1015, p. 295].
The next section of the Probate Code puts a general limitation on the power of a special administrator. "Prior to the adjudication of a pending will contest any general personal representative

The Probate Code does not require the giving of notice or any hearing before the appointment. The application was by petition. Section 6-109, Burns' 1953 Replacement.

The Probate Code does not put any duty upon a named executor to petition for the probate of the will, although under §7-104, Burns' 1953 Replacement, he may do so.[3] Section 7-103, Burns' 1953 Replacement, does require that "After the death of a testator the person having custody of his will shall deliver it to the court which has jurisdiction of the administration of his estate." But this does not require that the will be produced in any court other than the one which has jurisdiction of the administration of the estate.

The relator urges that §7-102, Burns' 1953 Replacement, prevents the splitting of jurisdiction between separate courts for the administration of an estate. This section states, "The probate of a will and the administration of the estate shall be considered one proceeding for the purposes of jurisdiction, and said entire proceeding and the administration of decedent's estate is a proceeding in rem." Although, perhaps, the language could have been more clear in prohibiting a splitting of jurisdiction, we are constrained to accept relator's argument that this is what the General Assembly intended. Under the prior code we held, "The probate of a will is a proceeding

---

or any special administrator, within the limits of his authority, shall proceed to administer the estate pursuant to the law respecting intestate estates, so far as the same may be done consistent with the terms of any such will." Section 7-416, Burns' 1953 Replacement [Acts 1953, ch. 112, §1016, p. 295].

3. "It may be admitted that one who is named as executor and desires to qualify, rests under a moral obligation to offer the putative will for probate, but it is not an imperative legal duty." *Doan* v. *Herod* (1914), 56 Ind. App. 663, 668, 104 N. E. 385.

*in rem,* defining and fixing the status of the estate. 18 Cyc. 64. The court first acquiring jurisdiction of specific property continues its authority to final determination free of any right of interference except by an appellate tribunal." *Marchant* v. *Olson* (1915), 184 Ind. 17, 20, 110 N. E. 200. When this section is viewed in the light of the general rule limiting concurrent jurisdiction announced there, that "When a court acquires jurisdiction of the subject-matter of a cause its power continues to final disposition, to the exclusion of authority to interfere by a court of coordinate jurisdiction," (P. 19), it is apparent the Legislature intended that the court first acquiring jurisdiction of the will, or the estate before probate, continues such jurisdiction until final settlement. The entire proceedings of the estate constitute a proceedings for the administration of a trust, which is one subject-matter whoever may be the fiduciary from time to time administering the trust.[4]

By the verified return of the respondent court it appears that on May 7th Wilson filed in the Howard Circuit Court an action to contest the validity of the will theretofore offered for probate, upon which summons was issued and all defendants have appeared to such action. However, in view of the authorities on jurisdiction we fail to see how that

---

4. "Therefore the court first having jurisdiction of the subject matter and the parties now has exclusive jurisdiction until the case in that court is finally disposed of on appeal or otherwise." *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 215, 84 N. E. 2d 585.

"When a Court obtains jurisdiction over, and has the custody of property by an agent appointed by it, such as a receiver, a guardian, trustee, administrator, or executor, no other Court of co-ordinate jurisdiction has the power to interfere with the first Court's possession. This must be true to avoid conflict of jurisdiction between different Courts of co-ordinate jurisdiction." *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 236, 23 N. E. 2d 425, 134 A. L. R. 1238.

could oust the Superior Court of its complete jurisdiction over the estate, including the matter of the probate of the will.[5]

It has been suggested that the rule on jurisdiction we now decide will result in an unseeming race to the clerk's office between the proponents of the will and the objectors in order to choose a particular court in which to vest jurisdiction. Under the prior code, whether a will was probated before objections could be filed depended upon which parties acted with greater expedition. If the Probate Code of 1953 permits or causes disrespect for testators, the Code can be amended, but it is no justification for us indulging in judicial legislation.

Elwood H. Hillis, as Special Administrator was made a party to the petition for the writ here. Our statutory authority only goes to issuing writs to courts. Section 3-2201, Burns' 1946 Replacement (Supp.). When the writ issues it binds the court and its officers, and it is not necessary to make the officers parties. The special administrator was not a necessary or proper party. *State ex rel. Spencer* v. *Criminal Court of Marion County* (1938), 214 Ind. 551, 16 N. E. 2d 888; *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. 2d 168. Therefore, his return is surplusage and not a part of the record here, so it is not necessary to discuss the issues he attempts to present.

The temporary writ is now made permanent.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 4.

---

5. On May 2, 1957, William T. Wilson had filed with the Howard Superior Court his complaint to resist the probate of the last will of the decedent.