STATE EX REL. STATE BANK OF GREENTOWN, ETC. *v.*

HOWARD CIRCUIT COURT, STANLEY, JUDGE,

ETC. ET AL.

[No. 29,651. Filed July 1, 1958.]

*Kenneth E. Shockley,* of Kokomo, for petitioner.

*Marshall, Hillis & Hillis,* of Kokomo, for respondents.

ACHOR, J.—This is an original action to prohibit the Howard Circuit Court from exercising further jurisdiction in regard to Cause No. 30507 pending in that court. The facts are as follows:

In Howard County both the Circuit and the Superior Courts have concurrent probate jurisdiction.

Pursuant to an agreement made between Howard C. Cullins and Effie B. Cullins, brother and sister, they executed a joint will on February 9, 1939. This will provided that the survivor should have a life estate in the deceased's property and made provision for disposition of the property to the same beneficiaries upon the death of the survivor. Howard C. Cullins died in 1943 and this joint will was offered for probate in the Howard Circuit Court by Effie B. Cullins, who qualified as executrix and settled the estate.

Thereafter Effie B. Cullins, in 1952, executed a purported will in derogation of the terms of the 1939 will. Also, in derogation of the agreement of the will, she executed two deeds attempting to convey certain real estate which she and her brother Howard C. Cullins had owned.

Effie B. Cullins died a resident of Howard County in 1956. On application letters of administration were

issued and her estate was opened for probate in the Howard Superior Court, with said subsequent will annexed. The State Bank of Greentown was appointed executor of the estate.

On November 5, 1956, respondents Georgie Voorhis Hardin and Zola Voorhis Collins filed an action in the Howard *Circuit* Court seeking to set aside the probate of said separate and subsequent will pending in the Howard *Superior* Court, and to substitute therefor the terms of the previous 1939 will executed by the decedent and her brother, Howard C. Cullins, jointly. Respondents also asked that the court declare a trust in real estate conveyed by Effie B. Cullins in derogation for her joint will.

The State Bank of Greentown, executor, filed its motion in the Howard *Circuit* Court attacking the jurisdiction of that court on the ground that the Howard *Superior* Court had already acquired jurisdiction over the estate of Effie B. Cullins and that this jurisdiction could not collaterally be challenged in the Howard *Circuit* Court. The motion was denied, and upon application to this court a temporary writ of prohibition was issued.

A decision in this case is grounded upon the following basic principles. *One:* Where two courts possess concurrent and complete jurisdiction over a subject matter, the one before which the proceedings are first entitled acquires complete jurisdiction over the entire subject matter, which continues to the end of the proceedings. 21 C. J. S., §492, *Courts,* p. 745. *State ex rel. Wilson* v. *Howard Circuit Court* (1957), 237 Ind. 263, 145 N. E. 2d 4; *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 23 N. E. 2d 425; *State ex rel.* v. *Madison Circuit Court* (1923), 193 Ind. 20, 138 N. E. 762; *State ex*

*rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585.

*Two:* Probate proceedings being *in rem,* jurisdiction attaches to the court before which such a petition is first filed.

"... The proceeding (administration and settlement of decedent's estate) shall be deemed commenced by the *filing of a petition;* and the proceedings first legally commenced shall extend to all the property of the estate in this state." (Our italics.) §7-101(b), Burns' 1953 Repl. (Acts 1953, ch. 112, p. 295.)

"The probate of a will and the administration of the estate shall be considered one proceeding for the purpose of jurisdiction, and said entire proceeding and the administration of a decedent's estate is a proceeding in rem." §7-102. *Givan, Rec.* v. *Marion Superior Court* (1934), 207 Ind. 74, 191 N. E. 144.

Thus the remaining question to be decided is this: does the Howard *Circuit* Court have jurisdiction over the action in the *Superior* Court to set aside the probate of the subsequent will of Effie B. Cullins by reason of the fact (1) that the Howard *Circuit* Court probated and settled the estate of Howard C. Cullins, whose will also involved the joint will of Effie B. Cullins, and (2) that Effie B. Cullins accepted the benefits of the joint will probated in that court?

This overlapping of probate jurisdiction in Howard County presents a vexing situation. However, since the Howard *Circuit* Court had fully and finally settled the estate of Howard C. Cullins under his will, it would appear that its jurisdiction terminated with the discharge of the executrix in said proceedings. On the other hand, the probate proceeding of the estate of Effie B. Cullins is a separate proceeding. These proceedings having been commenced

in the Howard *Superior* Court, the jurisdiction of all matters pertaining to her estate is vested in that court. (§7-102, *supra*.) The action to set aside the probate of the pending will was most pertinent to the proceedings in the Howard Superior Court. Therefore, that court alone has jurisdiction over said proceedings.

The temporary writ of prohibition heretofore issued is therefore made permanent.

Bobbitt, C. J., Arterburn, Emmert & Landis, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 515.