STATE EX REL. MONTGOMERY ET AL. *v.* SUPERIOR COURT OF MARION COUNTY, ROOM NO. 3, BRENNAN, JUDGE.

[No. 29,689. Filed December 4, 1958.]

*T. Ernest Maholm*, of Indianapolis, for relators.

*John D. Raikos*, of Indianapolis, for respondents.

ACHOR, J.—This action involves a writ of prohibition. The facts are as follows: Relators Montgomery and Montgomery are the owners of an ice cream and drive-in eating establishment known as the M & L Ice Cream Manufacturing Company. This they leased to Richard H. Hansing and Wyota Hansing, his wife. A suit for possession, based upon the lease, was filed by the owners against the lessees in the Marion Circuit Court on June 5. 1958. Thereafter on June 10, Margaret Hansing, mother of Richard Hansing, filed an action in respondent Superior Court, asking that a temporary restraining order issue restraining the defendants Montgomery and Montgomery from taking any further action in the suit for possession pending in the Circuit Court of Marion County, and that a receiver for said real estate and personal property be appointed, all without notice. In support of this action she alleged that Richard and Wyota Hansing, as partners, were indebted to her in the sum of $2,000 on a promissory note which was past due. She further alleged that,

unless so restrained, the Montgomerys would post bond in the action filed by them in the Circuit Court and take possession of the property and that, in event of such seizure of the premises, the entire shifting stock of inventory, most of which she alleged to be perishable, would be lost to her irreparable damage. The respondent thereupon issued an order restraining relators "from taking any further action in Cause No. 79428 in the Circuit Court," and appointed a receiver to take charge of the property, all without notice.

Relators here assert that the respondent was without jurisdiction to appoint a receiver without notice for the reason, among others, that the Circuit Court and the Superior Court, Room 3, are courts of concurrent jurisdiction; that upon the face of the complaint the sole purpose for the subsequent action in the Superior Court was to prevent the defendants from lawfully proceeding with their action for the possession of property, which action had previously been filed in the Circuit Court, and that the possession of said property was the primary subject of the controversy in both cases.

Upon the basis of the above stated facts, this court issued a temporary writ prohibiting respondents from taking any further action in the cause. The general and long established rule upon this subject has been stated as follows:

". . . When a court acquires jurisdiction of the subject-matter of a cause its power continues to final disposition, to the exclusion of authority to interfere by a court of coordinate jurisdiction. Such rule avoids confusion and needless expense. *Boos* v. *State* (1911), 175 Ind. 389, 391, 94 N. E. 410; *Gregory* v. *Perdue* (1867), 29 Ind. 66, 69; 7 R. C. L. 1066, §105. . . ." *Marchant* v. *Olson* (1915), 184 Ind. 17, 19, 110 N. E. 200. See also, *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 120, 135

N. E. 343; *Coleman* v. *Callon* (1916), 184 Ind. 204, 206, 110 N. E. 979.

For the reason above stated, the Circuit Court had exclusive jurisdiction over the primary subject-matter of both actions. If the proceedings of the Circuit Court operated adversely to the rights of the plaintiff (Margaret Hansing), the issue should have been presented to that court by an appropriate pleading.

The temporary writ of prohibition heretofore issued is made permanent.

Landis, C. J., Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 375.