283 N.E.2d 526 (1972)
STATE of Indiana On the Relation of American Fletcher National Bank and Trust Company, Relator,
v.
Charles C. DAUGHERTY, Judge of the Superior Court of Marion County Room No. 1, Respondent.
No. 472S45.
Supreme Court of Indiana.
June 8, 1972.
*527 W. Rudolph Steckler, Indianapolis, for relator.
Douglass R. Shortridge, Indianapolis, for respondent.

ORIGINAL ACTION
ARTERBURN, Chief Justice.
This case is before this court as an original action alleging lack of jurisdiction on the part of Charles C. Daugherty, Judge of the Superior Court of Marion County, Room Number One, in issuing an injunction forbidding persons from engaging in certain acts.
The facts are as follows. James T. Mills, an individual residing in Marion County, filed certain claims against the estate of Sheldon A. Key, alleging purchase rights in and to some or all of the capital stock of Hyaline Plastics Corporation, an Indiana Corporation, held by American Fletcher National Bank & Trust Co., as executor of said estate, and entitlement to additional compensation as an employee of that corporation, pursuant to a purported contract of employment entered into by and between him and said decedent sometime in 1959.
Thereafter, Mills went to the Superior Court of Marion County, Charles C. Daugherty, Judge. Upon the basis of claims filed in the Probate Court and fear that AFNB, as Executor, would vote the stock at the 1972 annual meeting in a manner adverse to his interest, Mills petitioned the Superior Court for an injunction prohibiting the American Fletcher National Bank & Trust Co., acting in "whatever capacity" from calling and attending any meeting of shareholders of the Hyaline Plastics Corporation. In addition, Mills requested that AFNB be restrained from voting any such shares or selling, pledging, etc. any of the shares until further order of the Superior Court, pending determination by the Probate Court of the claims filed with it by him in his behalf. Judge Daugherty issued a temporary restraining order without notice granting the relief requested and thereafter, upon hearing, issued a temporary injunction granting the same relief against executor pending the outcome of the claims filed by Mills filed in the Probate Court.
Two issues are presented to this court for our consideration:
1. Whether Judge Daugherty has jurisdiction by reason of subject matter to issue an injunction against executor prohibiting it from administering stock held by it as an Estate asset pending determination by the Probate Court of Marion County of rights previously asserted therein and to said stock by the petitioner for such injunctive relief.
2. Whether such prohibition can be extended to cover Trustee of a trust established several years ago, in the administration of other stock of the same company held by said trustee as a trust asset.
The case of Demma v. Forbes Lumber Co. (1961), 133 Ind. App. 204, 178 N.E.2d 455, reh. den. 181 N.E.2d 253, held that probate courts have only concurrent rather than exclusive jurisdiction over "all actions by and against executors, administrators, guardians, assignees and trustees." Within this concurrent jurisdiction the particular court has the implied power to act in any manner necessary and legally justifiable to carry out its judicial function. *528 This certainly would include the right of a probate court to issue restraining orders or injunctions as the circumstances of the case called for. In addition, we point out that in IC 1971, XX-X-X-XX, Burns' Ind. Stat. Ann. (1968 Repl.) § 4-5119, the legislature has expressly granted to the probate courts the power to grant restraining orders and injunctions in the performance of their judicial function.
The question then becomes one of rightful jurisdiction in this matter. Who was the proper party to issue the injunction? This question, we believe, is answered by a very fundamental axiom of law, that being that courts of concurrent jurisdiction cannot exercise jurisdiction over the same subject at the same time, and that where one of the courts acquires jurisdiction of the subject matter and the parties, it is vested with such jurisdiction to the exclusion of the other court until the final disposition of the case. This rule is not mitigated where the subject matter before the separate courts is the same, but the actions are in different forms, i.e., a civil action and a petition for injunctive relief.
It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. State ex rel. Tuell v. Shelby Circuit Court (1939), 216 Ind. 231, 236, 23 N.E.2d 425. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is determined. State ex rel. Poindexter v. Reeves (1952), 230 Ind. 645, 104 N.E.2d 735; State ex rel. Ferger v. Circuit Court of Marion County (1949), 227 Ind. 212, 84 N.E.2d 585; State v. Bridwell (1960), 241 Ind. 135, 170 N.E.2d 233; Brown v. Doak Co. (1922), 192 Ind. 113, 135 N.E. 343; State ex rel. State Bank of Greentown v. Howard Circuit Court (1958), 238 Ind. 448, 151 N.E.2d 515; State ex rel. Montgomery v. Superior Court of Marion County (1959), 238 Ind. 664, 154 N.E.2d 375. The court first acquiring jurisdiction holds the res in custodia legis [Allison v. State ex rel. Allison (1963), 243 Ind. 489, 497, 187 N.E.2d 565] so long as it is empowered to administer complete justice. 7 ILE Courts § 132 (1958). Clearly the probate court is in a position to administer complete justice to the parties in this case.
[T]he general and over-all powers confer upon probate courts in this state ample power and authority to determine any claim existing against an estate where such claim is secured or unsecured, due or not due, contingent or certain, joint or several or of any other character ... (our emphasis)
Demma v. Forbes Lumber Co. (1961), 133 Ind. App. 204, 217, 178 N.E.2d 455, reh. den. 181 N.E.2d 253.
Our decisions have consistently applied the general rule of jurisdictional priorities to probate proceedings. State ex rel. Wilson v. Howard Circuit Court (1957), 237 Ind. 263, 265, 145 N.E.2d 4, 6, involved a similar question of probate jurisdiction between the Howard County Superior and Circuit Courts. In that instance, the statute had vested the Superior Court with "concurrent jurisdiction in `all criminal and probate matters, actions and proceedings, of which the Howard Circuit Court has jurisdiction.'" The controversy arose when the relator, husband of the deceased, filed objections in both the Superior and Circuit Courts, to the probate of a "pretended will" which he alleged was about to be presented. Later on the same day, he filed a petition for appointment as special administrator in the estate of his late wife with the Superior Court. This petition was subsequently granted. The relator did not file a similar motion with the Circuit Court. On the same day that he was appointed administrator by the Superior Court, another party, one Hillis, filed a will and codicil in the Circuit Court and petitioned that court for probate. Hillis had been named executor in this alleged "pretended will." This court determined *529 that the Superior Court had jurisdiction for the probate of the estate on the principle that "[t]he court first acquiring jurisdiction of specific property continues its authority to final determination free of any right of interference except by an appellate tribunal." 237 Ind. 271, 145 N.E.2d 8. See also State ex rel. State Bank of Greentown v. Howard Circuit Court (1958), 238 Ind. 448, 151 N.E.2d 515.
It is equally well settled that another court may not interfere with or assume control over the executor or administrator, or property in his possession. State Bank of Greentown, supra. Any contest or interpretation of a will or testamentary trust is to be conducted in the probate court in which it initially was entered in the correct manner. State Bank of Greentown, supra; Marchant v. Olson (1915), 184 Ind. 17, 110 N.E. 200.
The only further determination required is whether the stock certificates were in custodia legis of the Marion County Probate Court. The rule in such cases appears to be adequately stated in 7 ILE Courts § 133 (1958):
Generally, when property is in the custody of a court's representative, such as an executor or administrator, receiver, trustee, or guardian, another court of coordinate jurisdiction may not acquire jurisdiction over this property, nor can it review the first court's action.
The stock and the voting rights were clearly in the possession of the probate court. Two blocks of shares, consisting of trust assets and a part in the deceased's estate, were being administered by Relator in its co-positions as executor and trustee. The ownership of the stock in question and the voting rights pertaining thereto is a matter for the determination of the probate court since it is administering such assets and must determine the rights thereto. If the respondent desired to contest the manner in which such shares were voted, or handled, or disposed of, he was bound to bring his contentions before the Probate Court.
The temporary writ of prohibition is now made permanent.
DeBRULER, GIVAN and HUNTER, JJ., concur.
PRENTICE, J., dissents without opinion.