STATE of Indiana ex rel. David H. COLEMAN, Relator,

v.

The HENDRICKS SUPERIOR COURT II and Honorable John C. Mowrer, Judge, Respondents.

No. 679S163.

Supreme Court of Indiana.

Oct. 31, 1979.

David H. Coleman, Pros. Atty., Danville, for relator.

Richard J. Groover, Danville, for respondents.

GIVAN, Chief Justice.

This is an original action arising out of an order by the Hendricks Superior Court to return to the owner certain items which had been seized by law enforcement officials. On July 18, 1979, this Court issued a temporary writ of mandate and prohibition against enforcement of the order. We now make the writ permanent.

On February 2, 1979, a search warrant was issued by the Hendricks Superior Court authorizing police officers to search the premises of Robert L. Huey in Danville. The search was conducted but numerous items beyond the lawful scope of the warrant were seized. Upon application by Huey, the Hendricks Superior Court, on February 9, ordered all seized items to be delivered to the custody of the Sheriff of Hendricks County pending further action by the court. On February 13, the Hendricks County Grand Jury convened. The following day, all the seized items were delivered to the grand jury pursuant to a subpoena issued by the prosecuting attorney of Hendricks County. The grand jury subsequently indicted Huey for murder.

On June 21, 1979, four months after the indictment was filed in the Hendricks Circuit Court, Huey requested the Hendricks Superior Court to order the return of all items unlawfully seized in the search. The court granted the request and accordingly directed that a specified list of items be returned to Huey. The prosecuting attorney thereupon brought this original action.

██ This Court will grant extraordinary relief in the form of a writ of mandate and prohibition when a trial court is under an absolute duty to act or refrain from

acting. *State ex rel. White v. Marion Sup. Ct.* (1979) Ind., 391 N.E.2d 596. In the case at bar, the Hendricks Superior Court clearly possessed jurisdiction to issue the search warrant and to order all seized property impounded by the sheriff pending further action by the court. However, once the indictment for murder was filed in the Hendricks Circuit Court, the Hendricks Superior Court lost all jurisdiction and authority over the case. See IC § 35–1–6–5.1 [Burns 1979]. As a matter of policy and practicality in the operation of our judicial system, only one court should be able to exercise jurisdiction over a cause of action at any particular time. *State ex rel. International Harvester Company v. Allen Cir. Ct.* (1976) 265 Ind. 175, 352 N.E.2d 487; *State ex rel. American Fletcher National Bank v. Daugherty* (1972) 258 Ind. 632, 283 N.E.2d 526. To hold otherwise would create confusion and chaos in our trial and appellate courts. Hence, the order of the Hendricks Superior Court to return the seized items to Huey was void and unauthorized since it was issued after jurisdiction over the case had vested in the Hendricks Circuit Court. The order therefore must be expunged.

For the foregoing reasons, the temporary writ of mandate and prohibition is hereby made permanent.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.