# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**THOMAS W. VANDER LUITGAREN**
**BRANDI R. FOSTER**
Van Valer Law Firm, LLP
Greenwood, Indiana

ATTORNEYS FOR APPELLEES:

**GEORGE M. PLEWS**
**ANGELA (DORRELL) GREEN**
**JONATHAN PENN**
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MITZI BOSLEY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1111-PL-599 |
| | ) | |
| NIKTOB, LLC, DESIGN INDUSTRIES, INC., | ) | |
| PEG RAIL, INC., and ORIGINNOVATIONS, | ) | |
| INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1009-PL-41237

**August 27, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

NIKTOB, LLC, leased a building from Mitzi Bosley. It sued Bosley in Marion Superior Court 7 (the "environmental court") over environmental issues and for breach of contract. Bosley subsequently brought, in Marion Superior Court 10 (the "ejectment court"), an independent ejectment action. NIKTOB counterclaimed, raising the same environmental and contract issues that were pending in the first lawsuit. Bosley moved in the ejectment court to dismiss the NIKTOB counterclaim. The ejectment court denied her motion to dismiss and granted summary judgment for NIKTOB on the issues it raised in its counterclaim. Bosley appeals those decisions, and we reverse.[1]

## FACTS AND PROCEDURAL HISTORY

In August 2008, NIKTOB brought a complaint for damages and declaratory relief (the "environmental action") against Bosley, from whom it leased an industrial building with some environmental contamination. It made claims under Ind. Code § 13-30-9-2, which provides:

> A person may, regardless of whether the person caused or contributed to the release of a hazardous substance or petroleum into the surface or subsurface soil or groundwater that poses a risk to human health and the environment, bring an environmental legal action against a person that caused or contributed to the release to recover reasonable costs of a removal or remedial action involving the hazardous substances or petroleum.

NIKTOB also alleged Bosley was liable for negligence, nuisance, and trespass in dealing with the contaminants, was strictly liable for certain environmental damage, and breached her

---

[1] As the NIKTOB counterclaim should have been dismissed, we need not address whether the summary judgment on those matters was error. *See* App. at 9, where the trial court noted in its summary judgment order that after Bosley moved for summary judgment on her ejectment complaint, NIKTOB "responded and cross-moved for summary judgment *on NIKTOB's counterclaim*." (Emphasis supplied.)

contract with NIKTOB. NIKTOB also sought a declaration that Bosley's insurer was obliged to provide coverage.

In September 2010, while the environmental action was pending, Bosley brought a lawsuit in the ejectment court seeking to eject NIKTOB from the building. She alleged the lease had ended, NIKTOB was a holdover tenant, and NIKTOB had not paid the rent it owed Bosley. NIKTOB answered and, in March 2011, counterclaimed. All of the allegations NIKTOB made in its ejectment counterclaim had already been asserted in the environmental action and were repeated virtually *verbatim* in the ejectment counterclaim.[2] In August 2011, Bosley moved to dismiss the counterclaim. In October 2011, the ejectment court denied Bosley's motion to dismiss the counterclaim, then granted summary judgment for NIKTOB on its counterclaim.

## DISCUSSION AND DECISION

As NIKTOB should not have been permitted to amend its answer in the ejectment action to include a counterclaim on issues already pending before another court in the environmental action, Bosley's motion to dismiss the counterclaim should have been granted.

---

[2] The Appendix includes a Motion to Consolidate that NIKTOB brought in the environmental action, asking that the ejectment action be consolidated with the environmental action in the court where the environmental action is pending. The motion appears twice in Bosley's appendix. Neither is dated or file-stamped, but both are accompanied by a Certificate of Service that states the motion was mailed March 15, 2011. We cannot determine from the record whether the motion was ruled on. (*See* Appellant's App. at 268, 295.) In her reply brief, Bosley asserts NIKTOB withdrew that motion to consolidate. The page of the appendix to which she directs us in support contains the motion itself, but does not indicate the motion was withdrawn.

In the motion, NIKTOB asserts the environmental action and the ejectment action "involve common questions of law and fact. Both actions involve the same parties (and their affiliates) and both actions involve claims relating to the parties' respective property interests in the Bosley property and the rights of the parties under the lease." (*Id*. at 296.)

3

Indiana Trial Rule 12(B)(8) permits the dismissal of an action when "[t]he same action [is] pending in another state court of this state." *Beatty v. Liberty Mut. Ins. Group*, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008). The rule implements the general principle that when an action is pending in an Indiana court, other Indiana courts must defer to that court's authority over the case. *Id.* The rule applies even when the parties, subject matter, and remedies are only substantially the same. *Id.* Our review of the trial court's ruling on Bosley's motion to dismiss under Trial Rule 12(B)(8) is *de novo. See id.*

Indiana Trial Rule 13(A) provides:

> **(A) Compulsory counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. *But the pleader need not state the claim if:*
> *(1) at the time the action was commenced the claim was the subject of another pending action*[.]

(Emphasis added.)

It is a "fundamental axiom of law," *State ex rel. American Fletcher Nat'l Bank & Trust Co. v. Daugherty,* 258 Ind. 632, 634, 283 N.E.2d 526, 528 (1972), that courts of concurrent jurisdiction cannot exercise jurisdiction over the same subject at the same time. Trial Rule 12(B)(8) implements this principle by allowing dismissal of one action on the ground that the same action is pending in another Indiana court.

Whether two actions being tried in different state courts amount to the same action depends on whether the outcome of one action will affect the adjudication of the other. *Id.*

The rule applies and an action should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits. *Id.* Thus, when faced with a challenge to a decision whether to dismiss on the basis of T.R. 12(B)(8), the critical question before us is whether the parties, subject matter, and remedies are either precisely or substantially the same. *Id.* "As a matter of policy and practicality in the operation of our judicial system, only one court should be able to exercise jurisdiction over a cause of action at any particular time. To hold otherwise would create confusion and chaos in our trial and appellate courts." *State ex rel. Coleman v. Hendricks Superior Court II,* 272 Ind. 40, 41, 396 N.E.2d 111, 112 (1979).

NIKTOB's environmental action and its counterclaim in Bosley's ejectment action are at least substantially the same. All of the allegations NIKTOB made in the ejectment counterclaim previously had been asserted in the environmental action, and were repeated virtually *verbatim* in the ejectment counterclaim. In its motion to consolidate in the environmental action, NIKTOB correctly noted the environmental action and the ejectment action "involve common questions of law and fact. Both actions involve the same parties (and their affiliates) and both actions involve claims relating to the parties' respective property interests in the Bosley property and the rights of the parties under the lease." (App. at 296.)

NIKTOB asserts Bosley, by asking the ejectment court to construe the lease agreement, "opened the door for the court to consider all claims and issues arising out of the agreement." (Appellees' Br. at 20.) It notes Bosley cited to no authority "that permits a

5

plaintiff to selectively avoid adjudication of claims originating out of an agreement <u>in a case that the plaintiff filed</u>." (*Id.*) (emphasis in original). But no adjudication is being "selectively avoided" here. All the claims to which NIKTOB refers remain before the court in the environmental action.

NIKTOB's counterclaim in the ejectment action should have been dismissed, and summary judgment for NIKTOB on the counterclaim issues was therefore improper. We accordingly reverse.

Reversed.

FRIEDLANDER, J., and BARNES, J., concur.