**FILED**

May 31 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Bradley Keffer
Brooke Smith
Keffer Barnhart, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| $47,940.00 U.S. Currency and Dustin Sorhaindo, *Appellant-Defendant,* v. State of Indiana and Indiana State Police, *Appellees-Plaintiffs.* | May 31, 2017 Court of Appeals Case No. 49A05-1608-MI-1814 Appeal from the Marion Superior Court The Honorable Patrick J. Dietrick, Judge Trial Court Cause No. 49D12-1512-MI-42103 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Dustin Sorhaindo (Sorhaindo), appeals the trial court's order granting transfer of $47,940.00 to the United States under Indiana Code section 35-33-5-5(j).[1]

We reverse and remand.

# ISSUE

Sorhaindo presents two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly granted the State's notice to transfer the seized funds when there was similar action pending in another court.

# FACTS AND PROCEDURAL HISTORY

On June 30, 2015, Detective Brian Thorla (Detective Thorla) and other officers from the Indianapolis Metropolitan Police Department were given verbal consent to enter and visually inspect suspicious parcels at a local shipping company in Indianapolis, Indiana. During the inspection, a parcel addressed to Sorhaindo was singled out for further investigation. Detective Thorla, a certified K9 handler, used a certified K9 to conduct a narcotic examination of Sorhaindo's suspicious parcel and a few others. The K9 gave a positive

---

[1] We heard oral argument in this case on April 26, 2017, at Wabash College in Crawfordsville, Indiana. We commend counsel for their excellent presentations and thank Wabash College for its hospitality in hosting this oral argument.

indication of a controlled substance in Sorhaindo's package. On the same day, the State opened a miscellaneous criminal case in Marion Superior Court, Criminal Division, Courtroom 6, under Cause number 49G06-1506-MC-022791 (MC-22791), and applied for a search warrant. Sorhaindo's name was not included in the caption of the search warrant application. In the probable cause affidavit supporting the search warrant application, Detective Thorla described the parcel as a "Brown Box with black duct tape . . . ADDRESSED TO: Dustin Sorhaindo, FedEx Office and Print Cent[er], 935 W Huntington Dr., Monrovia, CA 91016[,] (404) 840-6835 and Dustin Sorhaindo 125 W. Olive Monrovin, CA 91016," and with "TRACKING # 8077 8940 5551." (Appellant's App. Vol. II, p. 16). Detective Thorla further averred that the suspicious package was being shipped to California, "a State known by [the officers] to be a source state for the importation/exportation of controlled substances." (Appellant's App. Vol. II, p. 16). Detective Thorla added that he had probable cause to believe that the parcel contained controlled substances based on the narcotic search conducted by his certified K9. The trial court granted the warrant and limited the "search for controlled substances, records of drug trafficking, and proceeds of drug trafficking." (Appellant's App. Vol. II, p. 19). When the officers opened the package, they found socks stuffed around another heavily taped box. The search of the second box yielded several folders with various papers, and underneath the folder, there was United States currency in the amount of $47,940.00. No controlled substances were found in the package.

On July 2, 2015, under cause number MC-22791, the State filed a Notice and Motion to Transfer Seized Property to the United States.[2] In the motion, the State referenced the search conducted on June 30, 2015, pursuant to the search warrant in which IMPD officers searched Sorhaindo's package and seized $47,940 of United States currency. The motion to transfer further stated that the money was "confiscated as proceeds of narcotics trafficking . . . and money laundering." (Appellant's App. Vol. II, p. 74). In paragraph 8, the State indicated that a "copy of this Motion has been sent by certified mail, prior filing with the court, to both the sender and receipt at the addresses listed on the parcel in order to provide notice to the parties of the State's intention to transfer." (Appellant's App. Vol. II, p. 74). The record shows that the State's notice on the motion to transfer seized property could not be delivered to the different addresses listed on Sorhaindo's package and was subsequently returned on July 9, 2015.

On September 2, 2015, Sorhaindo's attorney wrote an email to the Marion County Prosecutor's Office stating, "[We] have been retained as local counsel to handle the Turnover re: [] Sorhaindo's seizure. We'll be getting our appearance and objection to the turnover on file shortly." (Appellant's App. Vol. II, p. 49). The Prosecutor's Office responded back stating, "Status update: After [] shuffling around from person to person, we have located the correct

---

[2] Sorhaindo presents a copy of this Notice and Motion to Transfer Seized Property in his appendix; however, it is not filed-stamped. In addition, Sorhaindo does not present us with a certified copy of the Chronological Case Summary for cause number MC-22791 to confirm the filing.

person willing to fix this issue as it involves JTAC, ISA and Odyssey. She is hopeful that this will be resolved by the end of the week. I will give you instructions on how to proceed when I get them." (Appellant's App. Vol. II, p. 49). In reply, Sorhaindo's counsel wrote, "Great! I want to get my objection on file, but should I continue to hold off until you give me the high sign?" (Appellant's App. Vol. II, p. 49). The Prosecutor's Office confirmed, "[T]hat is accurate because at this moment it will be rejected by the court no matter where you file it." (Appellant's App. Vol. II, p. 74). There was no further communication between the parties on this issue.

[7] On December 22, 2015, the State filed a Complaint for Forfeiture against Sorhaindo in Marion Superior Court, Civil Division, Courtroom 12, under cause number 49D12-1512-MI-042103 (MI-42103). The complaint referenced the search conducted on June 30, 2015, where the IMPD officers seized $47,940.00 in United States currency while conducting a criminal investigation. The following day, under MI-42103, the State filed a Notice and Motion to Transfer Seized Property to the United States. On January 5, 2016, the trial court granted the State's transfer motion.

[8] On January 13, 2016, Sorhaindo filed an answer to the State's complaint for forfeiture, a consolidated motion to correct error and objection to the transfer of seized funds, and a motion to dismiss under Indiana Trial Rule 12(B)(8). In his consolidated motion to correct error and objection to the transfer of seized funds, Sorhaindo requested the trial court to set aside the January 5th transfer order. In addition, quoting *Adams v. State*, 967 N.E.2d, 568 (Ind. Ct. App.

2012) (holding that a property owner is entitled to challenge the legality of the search underlying the transfer request), Sorhaindo challenged the lawfulness of the search, the subsequent seizure, and requested a hearing for a determination of the same. In his motion to dismiss, Sorhaindo claimed that there were two similar motions to transfer seized property in two different courtrooms, *i.e.*, the miscellaneous criminal case filed in Courtroom 6 under MC-22791, and the civil forfeiture case filed in Courtroom 12 under MI-42103. Sorhaindo argued that pursuant to Trial Rule 12(B)(8), the tranfer actions filed in cause numbers MC-22791 and MI-42103, involved the same parties, search, seized property, and requested remedies. As such, Sorhaindo argued that MI-42103, which was subsequently filed Courtroom 12, should be dismissed. On January 19, 2016, the trial court stayed the transfer order granted on January 5, 2016.

[9] On February 3, 2016, an attorney's conference was held by the trial court and Sorhaindo's motion to dismiss hearing was set for March 30, 2016. Sorhaindo was also permitted to challenge the validity of the search and seizure at the motion to dismiss hearing. The record shows that the motion to dismiss hearing was cancelled. On February 25, 2016, the parties filed an Agreed Entry and Stipulation of Partial Dismissal under cause number MI-42103, in which the State dismissed its complaint for forfeiture, leaving only its motion to transfer filed on December 23, 2015, under cause number MI-42103. Additionally, the parties agreed that the matter would continue for the limited purpose of determining the transfer motion action filed in MI-42103 and Sorhaindo's multiple challenges to the same.

On May 4, 2016, the State filed its response to Sorhaindo's objection on its motion to transfer seized funds under cause MI-42103. The State initially noted that cause MC-22791 was a "dummy" cause number, and added that:

> In Marion County, MC cause numbers [XXXXX-XXXX-MC-XXXXXX] are used as a way to track certain types of documents. While they appear in the form of a regular cause number, they are not an active case, are not visible through online court resources, and requests for hearings will not result in a calendared hearing in front of a judicial officer. For all intents and purposes it is merely a tracking number.

(Appellant's App. Vol. II, p. 63). In explicating its reasons for subsequently filing cause number MI-42103, the State specified that the filing of the successive turnover action was the only way it could obtain Sorhaindo's objection on file. In a footnote, the State noted:

> If [Sorhaindo] were to file his written objection under the original dummy cause number, [] MC-022791, [Courtroom 6] would not have set the matter for hearing because "MC" does not designate a true active case.

(Appellant's App. Vol. II, p. 64). The State also claimed that the Agreed Entry and Stipulation of Partial Dismissal under cause number MI-42103 filed in February 2016, disposed of Sorhaindo's motion to dismiss. Finally, the State posited that if the seizure was determined to be lawful under Article 1 section 11 of the Indiana Constitution, the seized funds should be transferred to the relevant federal authorities pursuant to Indiana Code section 35-33-5-5(j).

On July 11, 2016, under cause number MI-42103, Sorhaindo responded to the State's motion filed on May 4, 2016. Sorhaindo first refuted the State's position that its motion to dismiss was disposed of by the parties' agreed entry filed in February 2016. In the discussion section, Sorhaindo raised two issues: (1) whether the State could bring a transfer motion under MI-42103 after having filed a similar transfer motion in MC-22791; and (2) in the event the trial court determined that the State was not barred from pursuing the turnover motion filled in MI-42103, the trial court should afford him a meaningful hearing pursuant to *Adams v. State*, 967 N.E.2d, 568 (Ind. Ct. App. 2012), to challenge the validity on the search.

On July 19, 2016, without an evidentiary hearing, the trial court issued findings of fact and order, granting the State's motion to transfer the seized property to the United States under MI-42103.

Sorhaindo now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

### I. *Competing Cause Numbers*

Sorhaindo argues that the trial court erred in granting the State's motion to transfer his seized funds, and in essence, erred in denying his motion to dismiss. In characterizing both causes as competing causes because they are based on the same parties, search, seizure, and remedy, Sorhaindo alleges that under Trial Rule 12(B)(8), MI-42103 should be dismissed, with cause MC-22791 to proceed.

[15] As we consider Sorhaindo's argument, we observe that we apply a *de novo* standard of review to the grant or denial of a motion to dismiss because the same action is pending in another court, in asmuch as it is a question of law. *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.*, 467 N.E.2d 37, 42 n. 2 (Ind. Ct. App. 1984). In Indiana, when two courts have concurrent jurisdiction over a case, the court first acquiring jurisdiction is considered to have exclusive jurisdiction over that case. *Pivarnik v. N. Ind. Pub. Serv. Co.*, 636 N.E.2d 131, 135 (Ind. 1994). "Once a court has acquired exclusive jurisdiction over a case, the case is pending in that court within the meaning of Trial Rule 12(B)(8)." *Id.* The court in which a case is first instituted has exclusive jurisdiction over the case. *Id.*

[16] The State contends that MC-22791 could not be "utilized for a motion to transfer or an evidentiary hearing. If Sorhaindo were to file his written objection under the original dummy cause number, [Courtroom 6] would not have set the matter for a hearing because MC does not designate a true active case." (Appellees' Br. p. 15) (internal quotation marks omitted). Despite the apparent existence of the motion to transfer seized funds in MC-22791, the State also claims that it "appears that on July 2, 2015, [it] attempted to file a notice and motion to transfer seized property to the United States pursuant to Indiana Code section 35-33-5-5(j) under . . . cause number . . . [MC-22791] but it was not accepted for filing." (Appellees' Br. p. 9). In support of its claim, the State references the certified copy of the Chronological Case Summary in MC-22791 which only notes three entries on June 30, 2015—*i.e.*, a new criminal

miscellaneous filing, a request for search warrant, and an order granting the request for a search warrant. The State postulates that since the motion to transfer was never filed in MC-22791, there was no pending action in Courtroom 6.

[17] In advancing his claim that MC-22791 was an active case in Courtroom 6, Sorhaindo relies on *Membres v. State*, 889 N.E.2d 265 (Ind. 2008)*, a criminal miscellaneous case with an MC designation filed in Marion Superior Court where evidence relating to a transfer of seized property pursuant to Indiana Code § 35-33-5-5(j) was heard. Sorhaindo additionally contends in his appellate brief that to assert that MC cases are not active cases, "would result in [an] absurd situation where the employees of the Marion County Clerk's Office . . . . would have the power to make certain types of cases essentially disappear simply by assigning them an" MC designation. (Appellant's Br. p. 16).

[18] Notwithstanding the State's assertion that MC cases are not active or existing cases, Marion County Local Rule 49-CR2.3-101(g) recognizes that existing pending cases include cases with an "MC" designation. Aside from the apparent filing defect on the motion to transfer (*i.e.,* that it lacked a court file stamp to confirm its filing), the record shows that it was filed under MC-22791. Shortly after the search of Sorhaindo's package and seizure of his funds, the State filed the transfer motion and indicated in paragraph 8 that it had mailed a copy of that motion to Sorhaindo's addresses as listed on the package. The record demonstrates that the motion could not be delivered and was instead returned to the State. Notwithstanding the lack of notice on the filing of the

State's motion to transfer, Sorhaindo became aware of the State's filing and retained counsel in Indiana. In September 2015, Sorhaindo's counsel contacted the Prosecutor's office to discuss the motion to transfer filed under MC-22791, and he questioned the office on how to proceed in the filing of Sorhaindo's objection on the same. At no point did the State refute the existence of the motion to transfer under MC-22791. Sorhaindo was named as a defendant in the State's original transfer motion and he ostensibly knew of that pending case when it was filed. In light of Marion County Local Rule 49-CR2.3-101(g), and the State's admission on the filing of the transfer motion in MC-22791, we conclude that MC-22791 was a pending active case in Courtroom 6. To that end, we now turn our focus on whether Courtroom 12 erred by denying Sorhaindo's motion to dismiss.

[19] When an action is pending before an Indiana court, other Indiana courts must defer to that court's authority over that case. *Crawfordsville Apartment Co. v. Key Trust Co. of Flo.*, 692 N.E.2d 478, 479 (Ind. Ct. App. 1998). Trial Rule 12(B)(8) implements this principle by allowing dismissal of one action on the grounds that the same action is pending in another Indiana court. *Id.* at 479-80. Two actions are the "same" for purposes of the Rule if the parties, subject matter, and remedies sought are the same or substantially the same. *Id*. at 480. The determination of whether two actions being tried in different state courts constitute the same action depends upon whether the outcome of one action will affect the adjudication of the other. *Ind. & Mich. Elec. Co.*, 467 N.E.2d at 40. An "unseemly conflict of jurisdiction" exists between two courts of

concurrent jurisdiction where both exert authority over the same case, so the jurisdiction of the court first acquiring jurisdiction is deemed exclusive. *See State ex rel. Int'l Harvester Co. v. Allen Circuit Court*, 265 Ind. 175, 352 N.E.2d 487, 489 (1976). "As a matter of policy and practicality in the operation of our judicial system, only one court should be able to exercise jurisdiction over a cause of action at any particular time. To hold otherwise would create confusion and chaos in our trial and appellate courts." *State ex rel. Coleman v. Hendricks Superior Court II*, 272 Ind. 40, 396 N.E.2d 111, 112 (1979).

[20] Here, the parties in the transfer actions filed in MC-22791 and MI-42103 were the State and Sorhaindo. In addition, the subject matter in both causes was substantially similar. Both causes involved the transfer of the $47, 940.00 seized from Sorhaindo's parcel to the relevant federal authorities. Finally, the remedy sought in both actions was a turnover order, which would allow the commencement of forfeiture proceedings in federal court. Here, we hold that the actions pending in Courtroom 6 and Courtroom 12 were substantially the same action. Courtroom 12, therefore, erred by denying Sorhaindo's motion to dismiss because Courtroom 6 retained exclusive jurisdiction over the original turnover action.

[21] As we concluded that Courtroom 12, in which cause MI-42103 was filed did not have jurisdiction, the transfer order issued in that court was improper. The appropriate remedy in this case is to set aside the turnover order issued in MI-42103 and to remand this cause to MC-22791 for the commencement of turnover proceedings. Because we are remanding for new turnover proceedings

under MC-22791, we need not address Sorhaindo's other pertinent challenge concerning the scope of the search warrant, *i.e.*, whether the seizure exceeded the warrant's language. However, should Sorhaindo again choose to challenge the lawfulness of the search warrant leading to the seizure of his funds, Sorhaindo should be afforded a hearing on whether the seizure complied with the warrant's language.

## CONCLUSION

[22] Based on the foregoing, we set aside the transfer order issued in MI-42103 on July 19, 2016, and remand this cause to MC-22791 for the commencement of turnover proceedings.

[23] Reversed and remanded.

[24] Robb, J. and Altice, J. concur