SULLIVAN, Justice.
When Melvin Powell and Pamela Fack-ler divorced, they agreed to a property settlement that included Powell assenting to pay Fackler in the future a certain amount of money related to a construction project. A dispute later arose between Powell and Fackler over the precise amount owed. Fackler seeks to have this dispute adjudicated in a court other than the one that issued the dissolution decree. Precedent and policy dictate that this case should have been filed in the dissolution court.
Background
Pamela Fackler and Melvin Powell, Jr., were married on December 31, 1996. Fackler filed a petition for dissolution of the marriage on October 8, 2001, in the Allen Superior Court-F amily Relations Division ("Dissolution Court"). During the divorcee proceeding, Fackler and Powell agreed on a property settlement drafted by a mediator and approved by the Dissolution Court that was made part of the final dissolution decree of March 22, 2002. Pursuant to the settlement agreement, Powell assigned to Fackler a promissory note and mortgage executed in favor of Powell, payable on the sale of certain real property. After the sale, Powell paid Fackler $23,000 (plus accrued interest totaling $197.40), the amount he contends was owed in accordance with the assignment.
Fackler filed a complaint with the Allen Superior Court-Civil Division ("Trial Court") contending that she was entitled to $103,000. Powell responded and asserted that the complaint should be dismissed because the Dissolution Court held exclusive jurisdiction over the subject matter at issue. Both parties moved for summary judgment. The Trial Court held that it possessed subject matter jurisdiction over the matter and that "a genuine issue of material fact exist[ed] as to the intention of the parties with regard to the amount due to [Fackler]." Appellant's App. at 71.
The Court of Appeals agreed that the Trial Court correctly exercised jurisdiction over this matter, concluding that "property rights established with certainty in an unambiguous dissolution settlement agreement may be enforced by a court other than the court that issued the dissolution decree." Fackler v. Powell, 816 N.E.2d 476, 480 (Ind.Ct.App.2004) (citing Johnson *167 v. Johnson, 575 N.E.2d 1077, 1080 (Ind.Ct. App.1991)). The Court of Appeals further determined that the settlement agreement unambiguously required Powell to pay Fackler $108,000. Id. at 481. Powell sought, and we granted, transfer. Fackler v. Powell, 831 N.E.2d 744 (Ind.2005).
Discussion
On appeal to this Court, Powell reasserts that the Trial Court lacked jurisdiction to determine the rights of the parties under the property settlement agreement. He argues that the Dissolution Court retained jurisdiction to interpret the terms of the agreement. We agree that the Dissolution Court retained jurisdiction over the matter in interpreting and enfore-ing its own decree and reverse the Trial Court for the reasons that follow.
I
We start our analysis with the firmly established rule that a court that issues a dissolution decree retains exclusive and continuing responsibility for any future modifications and related matters concerning the care, custody, control, and support of any minor children. State ex rel. Werthman v. Superior Ct. of Marion County, 448 N.E.2d 680, 683 (Ind.1983). Among the policy reasons supporting this rule is that deciding these matters frequently "involve factual determination[s] that substantial and continuing, changed cireumstances render the existing terms unreasonable"; an inquiry that the dissolution court is in the best position to conduct. Giselbach v. Giselbach, 481 N.E.2d 181, 183 (Ind.Ct.App.1985).
We recognize that the instant case does not precisely invoke this rule; Fackler did not seek to modify a support or custody arrangement or even to modify the property settlement. Instead, Fackler petitioned the Trial Court seeking clarification and enforcement-not modification-of the property settlement agreement. But even under these cireumstances, we believe the interests of judicial efficiency and comity are best served by requiring litigants to seek clarification and enforcement of property settlement agreements in the dissolution court. Both precedent and broader policy considerations support this result.
We have previously held in such situations that a dissolution court may exercise continuing jurisdiction to reexamine a property settlement where "the nature of which is to seek clarification of a prior order." Thomas v. Thomas, 577 N.E.2d 216, 219 (Ind.1991) (emphasis added) (citing Brownsing v. Brownsing, 512 N.E.2d 878, 881 (Ind.Ct.App.1987)). See also Russell v. Russell, 698 N.E.2d 980, 982 (Ind. Ct.App.1998) (noting that the dissolution court may reopen a dissolution proceeding to clarify and enforce a property settlement agreement made pursuant to a divorce decree), transfer denied, 706 N.E.2d 169; DeVoe v. DeVoe, 531 N.E.2d 1200, 1202 (Ind.Ct.App.1988) (stating that the dissolution court retains jurisdiction to clarify the property settlement agreement of its divorce decree).
This jurisdictional grant to a dissolution court is warranted as an extension of "the necessary and usual powers essential to effectuate thle marital] dissolution, [which] include[s] the power to interpret the court's own decree." Behme v. Behme, 519 N.E.2d 578, 582 (Ind.Ct.App.1988). Fackler sought an interpretation of the settlement agreement to reflect her contention that Powell owed her $108,000 by its terms. Her complaint requested enforcement of the settlement according to its terms. Agreeing that the dissolution court that enters a property settlement agreement is in the best position to resolve such questions of interpretation and enforcement, we hold that dissolution courts retain jurisdiction to interpret the terms of *168 their property settlement agreements and to enforce them.
II
There is precedent for this result. In Anderson v. Anderson, 399 N.E.2d 391, 398 (Ind.Ct.App.1979), the Court of Appeals held that, like custody and visitation matters, the court that conducts the divorce proceedings may. also retain jurisdiction in property disputes emanating from a marriagé dissolution settlement agreement. "[The trial court in a dissolution proceeding [is vested] with exclusive jurisdiction over all aspects of the marital relationship, including questions of property rights and child custody." Id. (emphases in original). ,
In Anderson, Robert Anderson and Jane Anderson obtained a divorce in the Adams Circuit Court. The parties contemporaneously negotiated a property settlement agreement that was not submitted to the dissolution court. Jane Anderson later filed a complaint contesting the property division in the Wells Cireuit Court. Robert Anderson argued that Jane Anderson's complaint was an impermissible collateral attack. The trial court agreed with Robert Anderson and - dismissed Jane Anderson's complaint.
The Court of Appeals affirmed the trial court, finding "there [was] no question the dissolution court had jurisdiction." Id. at 400. The dissolution "court had the power and, indeed, the duty to decide questions pertaining to the marital property." Id. (emphasis in original). Accordingly, the court concluded that Jane Anderson's questions with respect to the divorce decree must be presented in a direct proceeding in the dissolution court. Id.
We find Anderson more persuasive than Johnson v. Johnson, 575 N.E.2d 1077 (Ind. Ct.App.1991), the authority advanced by Fackler. In Johnson, Ruth and Alien Johnson obtained a divorce in Grant Superior Court II that incorporated a property settlement reached by the parties. Id. at 1079. Ruth Johnson subsequently brought an action in Carroll County to quiet title to a disputed parcel of land. Id. Allen Johnson sought a change of venue to Grant Superior Court II arguing that "clarification and enforcement of a dissolution decree [was] within the exclusive jurisdiction of the issuing court, and that Ruth's quiet title action [was] an impermissible collateral attack on the dissolution decree." Id. At 1079-80. The Carroll Cireuit Court nevertheless assumed jurisdiction and quieted title to the disputed property in Ruth. Id.
The Court of Appeals upheld the Carroll Circuit Court and found, contrary to Anderson, that a dissolution court does not retain jurisdiction to determine property rights after it has "fully discharged its duty by ordering the marriage of the parties dissolved and adjudicating their respective property rights." Id. at 1080. The Court of Appeals concluded that since Ruth brought suit in the county where the disputed property was located, the Carroll Circuit Court correctly exercised jurisdiction over the matter. Id. at 1079.
To the extent that Johnson stands for the proposition that litigation interpreting the dissolution decree in that case was properly prosecuted in Carroll Circuit Court rather than Grant Superior Court II, it is disapproved. The proper procedure was for the parties to have litigated their dispute over entitlement under the dissolution decree to ownership of the parcel in the dissolution court in Grant County. Pollowing that adjudication, it might have been necessary to file a quiet title action in Carroll County. But the merits of the dispute turned on the proper interpretation of the property settlement covered by the dissolution decree entered in *169 Grant County, not on the fact of the real estate being located in Carroll County.
We find that a dissolution court's power to decide questions pertaining to marital property identified by the Court of Appeals in Anderson includes by implication "the necessary and usual powers to interpret [its] own decree." Behme, 519 N.E.2d at 582. Thus, in the interests of further promoting judicial efficiency and comity, we hold that, absent some agreement of the parties to the contrary, a court that dissolves a marriage retains jurisdiction to interpret the terms of its decree and decide questions emanating from its decree pertaining to its enforcement.
III
This finding is consistent with our holding in State ex rel. Meade v. Marshall Super. Ct. II, 644 N.E.2d 87 (Ind.1994), where we concluded that when "an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case." Id. at 88. Again, we believe such an approach serves the interests of litigants and the courts by promoting "fairness to litigants, comity between and among the courts of this state, and judicial efficiency." Id. at 88-89.
In Meade, Teri Lee Meade and Paul E. Levett obtained a divorce in the Marshall Cireuit Court. In addition to granting the marriage dissolution, the Cireuit Court also entered a custody order and set support obligations. Levett's new spouse later petitioned the Marshall Superior Court II for a permanent protective order to limit Meade's contact with her children. Meade filed a motion to dismiss the petition on grounds it was "an improper collateral attack on the visitation order of. the Circuit Court." Id. at 88.
We concluded that "[the Superior Court must defer to the authority [of the Cireuit Court] because Mrs. Levett's petition affects the same subject which is under the jurisdiction of the Circuit Court: the circumstances under which Meade could exercise her visitation rights." Id. at 89. We ultimately found that "the court where the divorce, custody, and visitation matters were heard [should] retain continuing jurisdiction over the case." Id. at 90.
-Read narrowly, Meade is a custody case. But Chief Justice Shepard's opinion also speaks to two broad policy concerns-indeed, policy concerns that reach well beyond domestic relations cases altogether. The first is a policy of deference to a court in which an action is pending, a policy embodied in Trial Rule 12(B):
When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. E.g., State ex rel. Ferger v. Circuit Court (1949), 227 Ind. 212, 84 N.E2d 585. This principle is implemented 'by Trial Rule 12(B)@), which allows a party to move for dismissal on the grounds that the same action is pending in another Indiana court. This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same. See International Harvester Co., 265 Ind. at 178-79, 352 N.E.2d at 489-90.
Meade, 644 N.E.2d at 88-89.. The second is a policy prohibiting collateral attacks on judgments:
The prohibition against collateral attacks is long-standing. See State ex rel. McClure v. Marion Superior Court (1959), 239 Ind. 472, 158 N.E.2d 264 *170 (vacating collateral injunction in favor of prior action involving appointment power of governor); State ex rel. Montgomery v. Superior Court (1958), 238 Ind. 664, 154 N.E.2d 375 (vacating collateral injunction in favor of pending action to establish possession of business). Such machinations are especially egregious in this context because the interests of children require stability and continuity in the legal process. Cf. In re Lemond (1980), 274 Ind. 505, 413 N.E.2d 228 (holding judges and attorneys in erimi-nal contempt for permitting father to attack collaterally mother's eustody of child through sham Child in Need of Services action). -
Meade, 644 N.E.2d at 89.
IV
In her brief and in oral argument, Fack-ler maintained that her claim of entitlement to the $103,000 was brought both against Powell and Powell's "Living Trust, two separate legal entities. The Family Court which issued the [dissolution decree] would not have had personal jurisdiction or subject matter jurisdiction over the non-party to the divoree action, that being the Living Trust." Appellant's Br. in Resp. to Pet. to Trans. at 9. Fackler did not present any authority for this proposition in her brief; at oral argument, she cited Miller v. Partridge, 734 N.E.2d 1061, 1064 (Ind.Ct.App.2000), and Kiltz v. Kilts, 708 N.E.2d 600, 602 (Ind.Ct.App.1999), transfer de-mied, 726 N.E.2d 302. These cases both address the question of whether a child designated in a property settlement agreement as the beneficiary of a parent's life insurance policy is a third-party beneficiary of the settlement agreement, entitled to enforce the designation. But neither case involved a claim by one of the parties to the dissolution nor addressed the propriety of bringing such a claim in a court other than the dissolution court. Fackler has not persuaded us that it would have been improper to join the Living Trust in an enforcement action in the Dissolution Court or that she would not have been able otherwise to enforce a judgment obtained from the Dissolution Court against the Living Trust.
Conclusion
Fackler should have filed her complaint in the Dissolution Court under the original cause number of the dissolution. Because Fackler failed to file her complaint in the Dissolution Court and Powell timely objected to the trial court's exercise of jurisdiction, we find that the Trial Court erred in not dismissing Fackler's suit for lack of jurisdiction.
We reverse the trial court and direct that it dismiss Fackler's complaint.
. SHEPARD, C.J., and RUCKER J., concur.
BOHEM, J., dissents with separate opinion in which DICKSON, J., coneurs.