**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TRACY J. NEWHOUSE**
Newhouse & Newhouse
Rushville, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT G. GULDE**
Clarkson & Gulde, P.C.
Rushville, Indiana



FILED

Jan 20 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF | ) | |
| CINDY B. NEAL and GEORGE NEAL, JR., | ) | |
| | ) | |
| CINDY B. NEAL, | ) | |
| | ) | |
| Appellant-Respondent/Counter-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1104-DR-183 |
| | ) | |
| GEORGE NEAL, JR., | ) | |
| | ) | |
| Appellee-Petitioner/Counter-Respondent. | ) | |

APPEAL FROM THE RUSH SUPERIOR COURT
The Honorable Daniel L. Pflum, Special Judge
Cause No. 70D01-0807-DR-087

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Cindy B. Neal appeals an "Order on All Pending Matters" arising out of the dissolution of her marriage to George Neal, Jr. She challenges the award of certain personal property to George and the denial of clean-up costs and attorney fees. George cross-appeals, challenging the award of certain bank accounts to Cindy. We affirm.

## FACTS AND PROCEDURAL HISTORY

George and Cindy were divorced on March 9, 2010. A property settlement agreement provided George would receive "all personal property in the barn, and all other personal property belonging to [George]. In addition, [George] shall be awarded his tools, his guns, his ammunition, and his knives." (Appellant's App. at 11-12.) George would be awarded "all bank accounts, and retirement accounts in his name except as set forth herein." (*Id*. at 12.) Cindy would be awarded "all bank accounts, investment accounts, retirement accounts, the cash value of the insurance, the grandchildren's bank accounts/certificates of deposit, and all other accounts in her name." (*Id*.) George was to "remove any of the property belonging to him to be considered junk from the premises and leave the premises in suitable condition." (*Id.*)

After having trouble securing items he thought were awarded to him in the agreement, George filed a Motion for Contempt. Cindy filed a Motion for Contempt alleging George had items that were awarded to her. After a hearing, George was awarded some, but not all, of the items he requested. Cindy was awarded certificates of deposit that were set up by George in the grandchildren's names.

2

Cindy now claims the trial court impermissibly changed the terms of the settlement agreement by awarding George items not specifically listed, it should have awarded her clean-up costs she incurred because George did not remove certain items from her property, and it should have awarded her attorney fees. In his cross-appeal, George argues it was error to award Cindy the certificates of deposit held in his name and his grandchildren's names.

**DISCUSSION AND DECISION**

1.      <u>Modification of Settlement Agreement</u>

A property settlement agreement incorporated into a final dissolution decree and order may not be modified unless the agreement so provides or the parties consent. *Dillard v. Dillard*, 889 N.E.2d 28, 33 (Ind. Ct. App. 2008). As it is a binding contract, the dissolution court may not modify it absent fraud, duress, or undue influence. *Id.* That policy promotes finality of marital property divisions by eliminating vexatious litigation that often accompanies dissolution. *Id.*

While a dissolution court is limited in the extent to which it may modify a property settlement agreement, it has continuing jurisdiction to reexamine a property settlement where a party seeks *clarification* of a prior order. *Fackler v. Powell*, 839 N.E.2d 165, 167 (Ind. 2005). *See also Russell v. Russell,* 693 N.E.2d 980, 982 (Ind. Ct. App. 1998) (noting that the dissolution court may reopen a dissolution proceeding to clarify and enforce a property settlement agreement made pursuant to a divorce decree), *trans. denied.* The dissolution

3

court that enters a property settlement agreement is in the best position to resolve questions of interpretation and enforcement. *Fackler*, 839 N.E.2d at 167.

Cindy argues the dissolution court improperly modified the Neals' property settlement agreement by awarding additional personal property to George. It did not. It instead clarified what property George had been awarded in the settlement. The property settlement agreement provided George was awarded his tools, "all personal property in the barn,[1] and all other personal property belonging to [George]." (Appellant's App. at 11) (footnote added). The parties' "mediation agreement" is explicit that it "does not list w/ specificity each and every marital asset; it is the intent of the parties that the assets not specifically listed shall remain with or in the name of the party possessing or being listed as the owner of such asset." (*Id.* at 14.)

In its order on all pending matters, the court said George would be awarded specific items of personal property, which items were to be delivered to him within ten days. George testified those listed items were items he was awarded in the agreement because they were his personal property, his tools, or his personal property in the pole barn. We acknowledge Cindy's testimony she believed some of those items belonged to her, but we must decline her invitation to reweigh the evidence before the dissolution court. *See Ellis v. Ellis*, 730 N.E.2d 201, 203 (Ind. Ct. App. 2000) (when reviewing a claim that the trial court improperly divided

---

[1] The agreement does not explain what "the barn" is. It appears from the record it is a pole barn on real estate awarded to Cindy.

marital property, this court may not reweigh the evidence or assess the credibility of witnesses).

### 2. Expenses for Removal of Property

The property settlement agreement provided George would retrieve all of his personal property from a barn at Cindy's residence, including property "to be considered junk," and would "leave the premises in suitable condition." (Appellant's App. at 12.) She argues the trial court should have ordered George to pay her expenses for cleaning up the property after he "left the premises with junk everywhere." (Appellant's Br. at 12.)

George testified he was unable to retrieve all his property because of Cindy's non-cooperation, and the dissolution court found George was not obliged to pay cleanup costs because Cindy had denied him access to some of the property he had been awarded in the settlement. We acknowledge Cindy's testimony to the contrary, but must again decline her invitation to reweigh the evidence before the dissolution court.

### 3. Attorney Fees

A dissolution court "may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees." Ind. Code Ann. § 31-15-10-1. The trial court has wide discretion in awarding attorney fees and may look at the responsibility of the parties in incurring the fees. *Mitchell v. Mitchell*, 875 N.E.2d 320, 325 (Ind. Ct. App. 2007), *trans. denied*. The trial court should consider the spouses' resources, economic condition, ability to earn income, and other similar

5

factors that would bear on the reasonableness of the award. *Id.* Misconduct that directly results in additional litigation expenses may be properly taken into account in the trial court's decision to award attorney's fees. *Hendricks v. Hendricks*, 784 N.E.2d 1024, 1028 (Ind. Ct. App. 2003).

Cindy asserts, without explanation or citation to the record, George "wanted more property, failed to disclose his assets for appraisal, and failed to make any effort to provide wife assets." (Appellant's Br. at 26.) She then asserts: "The Affidavit provides the basis for the amount of attorney fees." (*Id.*) The affidavit to which she directs us indicates only that her counsel charges $175 per hour and spent 10.2 hours preparing for the hearing that led to the appealed order.

As Cindy has not provided cogent argument explaining why her attorney fees are George's responsibility under any of the *Mitchell* factors or were attributable to misconduct that directly resulted in additional litigation expenses, we decline to find an abuse of discretion. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in a brief be supported by cogent reasoning and citations to legal authorities).

### 4.  Certificates of Deposit

On cross-appeal George asserts the dissolution court erroneously awarded to Cindy bank accounts that were in George's name. The accounts at issue were certificates of deposit held in George's name and the names of the grandchildren. In its order, the dissolution court found George had converted those certificates and it ordered them returned, with interest, to

Cindy.

The property settlement agreement provided George would be awarded all bank accounts "in his name *except as set forth herein*." (Appellant's App. at 12) (emphasis added). It then provides Cindy would be awarded "the grandchildrens' bank accounts/certificates of deposit." (*Id.*)

Initially, we note George's brief does not address, or even acknowledge, the provision of the settlement agreement that explicitly states "the grandchildrens' . . . certificates of deposit" were awarded to Cindy. We remind counsel that all attorneys are officers of the legal system and have a duty of candor toward tribunals. *Brown v. State*, 746 N.E.2d 63, 70 (Ind. 2001). That candor is necessary to preserve the integrity of the adjudicative process. *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 85 (Ind. 2006). Indiana Rule of Professional Conduct 4.1(a) provides that an attorney shall not "knowingly make a false statement of material fact or law to a third person" in the course of representing a client. Such misrepresentations include partially true but misleading statements. *Outback*, 856 N.E.2d at 85.

By declining to acknowledge the explicit assignment of the grandchildren's certificates of deposit to Cindy, George deprived himself of the opportunity to offer argument supported by legal authority explaining why the certificates should have instead been classified as bank accounts in George's name to which he was entitled. He has therefore waived that allegation of error. Our rules require that contentions in a brief be supported by

7

cogent reasoning and citations to legal authorities. App. R. 46(A)(8)(a). On appeal, an issue is waived if a party does not develop a cogent argument or provide adequate citation to authority. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 731 (Ind. Ct. App. 2009). We accordingly decline to consider George's cross-appeal.

The trial court's order is affirmed in all respects.

Affirmed.

NAJAM, J., and RILEY, J., concur.

8