Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 03 2014, 9:56 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW C. MALLOR**
**KENDRA G. GJERDINGEN**
Mallor Grodner LLP
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**ANDREW Z. SOSHNICK**
**TERESA A. GRIFFIN**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARIEA L. BEST ) | |
|     Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 06A04-1403-DR-124 |
| ) | |
| ) | |
| RUSSELL C. BEST ) | |
|     Appellee-Petitioner. ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable Rebecca S. McClure, Special Judge
Cause No. 06C01-0209-DR-381

**September 3, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The seemingly never-ending, post-dissolution litigation in this case has resulted in this third appeal in which Mariea Best ("Mariea") is challenging the jurisdiction of the Boone Circuit Court and its contempt order against her.

We affirm.

## Facts and Procedural History

Mariea and Russell Best's ("Russell") marriage was dissolved in 2004. They initially agreed to share joint legal and physical custody of their two children, A.B., born in 1992 and M.B., who has Down Syndrome and was born in 1995. Since 2006, the parties disagreements concerning custody and other issues relating to their children have been intensely litigated in Boone Circuit Court. See Appellant's App. pp. 1-78. A.B. is now emancipated and Russell has custody of M.B.

The parties' current dispute revolves around the establishment of a guardian for M.B., who is now twenty years old. In October 2011, the parties entered in a Mediated Agreed Entry, which was approved by the Boone Circuit Court. The Agreed Entry provides in pertinent part:

> Neither party (ether personally or in a representative capacity) will seek guardianship of [M.B.] prior to her attaining twenty-one years of age unless necessary for medical or public benefits purposes. If it becomes necessary before age twenty-one (21), it is agreed that Russell will serve as the guardian. Barring establishment of a guardianship, the custody order and jurisdiction of this Court remain in full force and effect.

Appellant's App. p. 127.

After M.B.'s nineteenth birthday, the parties ultimately agreed that a guardianship over M.B. should be established even though she is not yet twenty-one years old.

2

However, despite the terms of the October 2011 Agreed Entry, Mother filed several motions in an attempt to be named M.B.'s guardian.[1] Therefore, on October 31, 2013, Russell filed a petition to enforce the October 2011 Agreed Entry.

The Boone Circuit Court heard argument on Russell's petition on December 20, 2013. The court then issued the following order:

> 2. The parties further agreed in their Mediated Agreed Entry that in the event it became necessary for guardianship of [M.B.] to be established prior to [M.B.] reaching the age of twenty one (21), Petitioner Russell Best would serve as M.B.'s guardian.
> 3. The parties' Mediated Agreed Entry provided that barring establishment of a guardianship, the custody order and jurisdiction of the Boone Circuit Court would remain in full force and effect.
> ***
> 8. The issue of the guardianship of [M.B.] was resolved by the parties' 2011 Mediated Agreed Entry in which Mari[e]a Best and Russell Best agreed that if guardianship of [M.B.] was necessary prior to [M.B's] twenty first birthday, Russell Best would serve as [M.B.'s] guardian. The parties' agreement of October, 2011, further specified that the Boone Circuit Court, with Special Judge Rebecca S. McClure, presiding, retained jurisdiction and authority to enforce the Mediated Agreed Entry of the parties.
> 9. Pursuant to Boone County Local Rules of Court, in Boone County only Boone Superior Court I . . . has jurisdiction over guardianship proceedings. Boone Circuit Court has no such jurisdiction.
> 10. The Court hereby Orders that if deemed necessary for medical or public benefits purposes, Russell Best shall with the consent of Mariea Best, file a petition to establish guardianship over the person of [M.B.] in a court of proper jurisdiction.

Appellant's App. pp. 212-13.

Mariea appealed the order and argued that "[b]y forcing Mother to consent to Father's guardianship of their daughter when she no longer believes it is in the daughter's

---

[1] In addition to requesting a modification of the October 2011 Agreed Entry in Boone Circuit Court, Mariea asked the court to order the parties to refrain from filing a petition to establish guardianship over M.B. Mariea then filed a petition to establish guardianship of M.B. in Hamilton Superior Court on

best interest, the Dissolution Court is attempting to usurp the probate court of its duty to determine the person who will act in the best interest of the incapacitated person." In re Marriage of Best and Best, No. 06A04-1401-DR-46, Slip op. at 1 (Ind. Ct. App. June 25, 2014). Our court affirmed the trial court's order after the following brief discussion:

> Settlement agreements are contractual in nature and binding if approved by the trial court. The dissolution court that enters a settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and retains this authority. This task is an exercise in the construction of the terms of a written contract, which is a pure question of law. Our standard of review is therefore de novo. When interpreting a settlement agreement, we apply the general rules of contract construction. Unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning.
> The parties' Mediated Agreed Entry provides that under certain circumstances, Mariea and Russell agree that Russell will act as M.B.'s guardian. Mariea and Russell do not dispute these circumstances exist. Pursuant to the Mediated Agreed Entry that Mariea signed and the dissolution court approved, the dissolution court had the authority to order Mariea to consent to Russell's guardianship of M.B.

Slip op. at 2 (internal citations omitted).

While that appeal was pending, Russell filed a petition to establish a guardianship over M.B.'s person in Boone Superior Court No. 1. Russell also requested that Mariea consent to his guardianship petition. After Mariea refused to consent, Russell filed a petition requesting that the Boone Circuit Court hold Mariea in contempt for her willful and intentional failure to comply with the parties' October 2011 Mediated Agreed Entry and the court's December 20, 2013 order.

An evidentiary hearing was held on February 19, 2014, and Mariea was found in contempt. That same day, the court ordered Mariea to sign a blanket consent to the guardianship of M.B. by Russell by 8:00 a.m. on February 20, 2014. The Boone Circuit

4

Court ordered Russell's counsel to prepare the consent and ordered counsel to include language "that it is without prejudice to [Mariea's] right to request a replacement guardian." Appellant's App. p. 78. Mariea now appeals.[2] Additional facts will be provided as necessary.

## I. Jurisdiction

Mariea argues that the dissolution court, i.e. the Boone Circuit Court, lacked authority to order her to sign a blanket consent to Russell's guardianship over M.B. Mariea's argument fails for several reasons but can be most simply resolved under the law-of-the-case doctrine.

The law-of-the-case doctrine states that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any later appeal involving the same case and substantially the same facts. Murphy v. Curtis, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), trans. denied. The purpose of this doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. Id. This doctrine is based on the policy that once an issue is litigated and decided, that should be the end of the matter. Id.

Our court has already determined that the Boone Circuit Court "had the authority to order Mariea to consent to Russell's guardianship of M.B." In re Marriage of Best and Best, No. 06A04-1401-DR-46, Slip op. at 2 (Ind. Ct. App. June 25, 2014). As our court previously observed, in the court-approved October 2011 Mediated Agreed Entry, Mariea

---

[2] Russell filed a request to consolidate Mariea's appeal of the December 2013 order with the appeal in this cause. Our court denied the request.

and Russell agreed that Russell would serve as M.B.'s guardian if it was necessary to establish a guardianship prior to her twenty-first birthday. Id.; see also Appellant's App. p. 127. That same agreed entry provided that "[b]arring establishment of a guardianship, the custody order and jurisdiction of this Court remain in full force and effect." Appellant's App. p. 127.

Mariea now appeals from the Boone Circuit Court's February 19, 2014 order finding her in contempt for failing to comply with the December 2013 order (the order affirmed in our court's June 25, 2014 memorandum decision) in which the court ordered Mariea to consent to Russell's guardianship of M.B. Because our court already determined that the Boone Circuit Court had authority to order Mariea to consent to Russell's guardianship of M.B., the Boone Circuit Court retained jurisdiction to adjudicate Russell's petition requesting that the court find Mariea in contempt of its December 2013 order.[3] Cf. Fackler v. Powell, 839 N.E.2d 165, 167 (Ind. 2005) (stating that a dissolution court retains jurisdiction to interpret the terms of its decree and decide questions emanating from its decree pertaining to its enforcement).

Finally, we observe that Mariea conveniently ignores her decision to enter into the October 2011 Mediated Agreed Entry wherein she agreed that Russell would serve as M.B.'s guardian if a guardianship needs to be established before M.B. attains the age of twenty-one. Mariea argues that the Boone Circuit Court has prevented her from

---

[3] In an argument similar to that raised in her prior unsuccessful appeal, Mariea argues that by ordering her to sign a blanket consent to Russell's petition to establish a guardianship over M.B., the Boone Circuit Court violated her "Fourteenth Amendment right to fair process" because the court did not consider whether it was in M.B.'s best interests to have Russell appointed as her guardian. M.B.'s best interests will be considered during the guardianship proceedings, see Ind. Code § 29-3-5-4, which proceedings are not within the jurisdiction of the Boone Circuit Court.

participating in the ensuing guardianship proceedings and/or challenging Russell's petition to establish guardianship over M.B. But Mariea agreed to those terms shortly before M.B.'s eighteenth birthday, and the Boone Circuit Court is simply enforcing the parties' agreement.

## II. Contempt

"'Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt.'" Bessolo v. Rosario, 966 N.E.2d 725, 730 (Ind. Ct. App. 2012) (quoting Evans v. Evans, 766 N.E.2d 1240, 1243 (Ind. Ct. App. 2002)), trans. denied. A determination of whether a party is in contempt is a matter within the trial court's sound discretion, and we reverse only where there has been an abuse of that discretion. Id. An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before the court. Id.

Mariea argues that she did not willfully disobey the Boone Circuit Court's December 20, 2013 order, which ordered Mariea to consent to Russell's petition to establish a guardianship over M.B.'s person "if deemed necessary for medical or public benefits purposes . . . in a court of proper jurisdiction." Appellant's App. p. 213. Mariea argues that the "court of proper jurisdiction" had not yet been determined because guardianship proceedings were pending in Hamilton Superior Court I and Boone Superior Court I.[4]

---

[4] Mariea also argues that she could not be found in contempt because the Boone Circuit Court's December 20, 2013 order is void for lack of jurisdiction. Because Mariea's jurisdictional claim has been twice rejected by this court, we need not consider this argument.

7

However, at the contempt hearing, Mariea testified that she would not sign a consent to Russell's guardianship over the person of M.B. in any court. She specifically refused to sign a consent in guardianship proceedings in either the Hamilton Superior or Boone Superior Courts. Moreover, in violation of the October 2011 Mediated Agreed Entry, Mariea filed a petition in Hamilton Superior Court requesting to be appointed as M.B.'s guardian. Mariea filed the Hamilton County guardianship action after she filed a motion in Boone Circuit Court requesting that the court order the parties to refrain from filing a guardianship petition over M.B.'s person. After agreeing in October 2011 that Russell would serve as M.B.'s guardian, Mariea flatly refused to execute a blanket consent to Russell's guardianship petition as she was ordered to do in the December 20, 2013 order. Tr. pp. 26-27. For all of these reasons, the Boone Circuit Court acted well within its discretion when it found Mariea in contempt of the court's December 20, 2013 order.

**Conclusion**

Mariea's claim that the Boone Circuit Court lacked jurisdiction or authority to order her to consent to Russell's petition to establish guardianship over M.B. was adjudicated in our court's memorandum decision dated June 25, 2014. We are bound by our court's prior decision. We also observe that Mariea is bound by the October 2011 Mediated Agreed Entry wherein she agreed to consent to Russell's guardianship over M.B. We therefore conclude that the Boone Circuit Court acted within its discretion when it held Mariea in contempt when she refused to consent to Russell's guardianship

8

petition after being ordered to do so on December 20, 2013.  For all of these reasons, we affirm the judgment of the Boone Circuit Court.

Affirmed.

RILEY, J., and CRONE, J., concur.