## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

F. Anthony Paganelli
Thomas D. Perkins
Stephanie L. Grass
Paganelli Law Group
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Arend J. Abel
TaKeena M. Thompson
Cohen & Malad, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholaus Griesemer and Alexander Griesemer, Minor Children, By Next Friend, Pamela Griesemer,

*Appellants-Plaintiffs,*

v.

Brian Griesemer,

*Appellee-Defendant.*

June 28, 2016

Court of Appeals Case No.
49A04-1512-CT-2130

Appeal from the
Marion Superior Court

The Honorable
James A. Jovan, Judge
The Honorable
Kimberly Dean Mattingly,
Magistrate

Trial Court Cause No.
49D13-1507-CT-24508

**Kirsch, Judge.**

Nicholaus Griesemer and Alexander Griesemer ("the Children"), by next friend Pamela Griesemer ("Mother") (collectively, "the Appellants"), appeal the trial court's order denying their motion to correct error. The Appellants raise several issues for our review, which we consolidate and restate as: whether the trial court erred in dismissing the Appellants' complaint on the basis that the trial court did not have subject matter jurisdiction over the case and because the Appellants' claim was the same action as one pending in another court.

We affirm.

## Facts and Procedural History

On January 14, 2013, Mother filed a petition for dissolution of her marriage to Brian Griesemer ("Father"). The dissolution action was assigned to Marion County Superior Court, Civil Division Number 6 ("the Dissolution Court"), and on June 13, 2014, the Dissolution Court issued the dissolution decree ("the Decree"). The Decree divided the parties' marital property and liabilities, including several accounts Mother and Father had created for the benefit of the Children; the Decree also ordered support for the Children and provided how the Children's education was to be funded. During the marriage, Mother and Father had set up several educational trust accounts for the benefit of the Children. Concerning these educational accounts, the Decree set forth the following provisions:

> 24. [Father] already received as his sole and separate property the Wells Fargo Advantage Funds Coverdell Education Savings

Accounts . . . each of which were owned by him for benefit of the individual Children . . .

25. [Father] already received as his sole and separate property the Scottrade Coverdell Education Savings Account . . . each of which were owned by him for benefit of the individual Children . . .

26. [Father] already received as his sole and separate property the Scottrade Coverdell Education Savings Account . . . each of which were owned by him for benefit of the individual Children . . .

27. [Father] already received as his sole and separate property the Scottrade UTMA account . . . which was owned by him for benefit of the individual Children . . .

. . . .

32. The CollegeChoice 529 Direct Savings Plans . . . shall be maintained for the benefit of the child named as beneficiary. In addition, neither party shall or will take any of the following actions with regard to the CollegeChoice 529 Direct Savings Plans . . .:

> a. Borrow against, cancel, transfer, remove, withdraw, or dispose of any funds for any purpose other than qualified higher education expenses, except as otherwise provided herein;

> b. Delete, change, modify, or add to a beneficiary designation; or

> c. Contribute any funds.

33. [Father] shall retain all right, title, and interest he has in the Trustco accounts . . . which are owned by him as custodian for the individual Children . . .

*Appellants' App.* at 45-48.

[4] On July 24, 2015, the Children and Mother, acting as their next friend, filed a complaint in Marion County Superior Court, Civil Division Number 13 ("the trial court"), alleging that Father misappropriated over $55,000 from the educational accounts disposed of in the Decree. On August 17, 2015, Father filed a motion to dismiss the Appellants' complaint for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1) and on the basis that the same action is pending in another Indiana state court pursuant to Indiana Trial Rule 12(B)(8). On September 4, 2015, the trial court granted Father's motion to dismiss; also, on the same date, the Appellants filed their response to Father's motion to dismiss and a proposed order denying the motion to dismiss. On September 16, 2015, the trial court returned the proposed order and made an entry in the CCS, stating "Order Denying Motion to Dismiss denied as Moot; case has been dismissed. Deadline to respond was 9/2/2015." *Id.* at 2. On October 5, 2015, the Appellants filed a motion to correct error, which the trial court denied on November 10, 2015. The Appellants now appeal.

## Discussion and Decision

[5] The Appellants appeal from the denial of their motion to correct error. The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion. *Dunno v. Rasmussen*, 980 N.E.2d 846, 849 (Ind. Ct. App.

2012) (citing *Paragon Family Rest. v. Bartolini,* 799 N.E.2d 1048, 1055 (Ind. 2003)). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.*

[6] In the present case, the trial court dismissed the Appellants' complaint pursuant to Indiana Trial Rule 12(B)(1), lack of subject matter jurisdiction, and Indiana Trial Rule 12 (B)(8), due to prior pending litigation. The standard of review for a motion to dismiss for lack of subject matter jurisdiction is dependent upon what occurred in the trial court. *Jennings v. St. Vincent Hosp. & Health Care Ctr.*, 832 N.E.2d 1044, 1050 (Ind. Ct. App. 2005), *trans. denied*. Where, as here, the trial court rules on a paper record without conducting an evidentiary hearing, the standard of review is de novo. *Id.* No deference is afforded the trial court's factual findings or judgment because this court on review is in as good a position as the trial court to determine whether the court has subject matter jurisdiction. *Id*. Similarly, our review of the trial court's dismissal of the Appellants' complaint under Trial Rule 12(B)(8) is de novo. *Beatty v. Liberty Mut. Ins. Grp.*, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008).

[7] The Appellants argue that the trial court erred in granting Father's motion to dismiss pursuant to both Trial Rule 12(B)(1) and Trial Rule 12(B)(8). The Appellants contend that it was error to dismiss their case under 12(B)(1) and to conclude that the trial court lacked subject matter jurisdiction because their complaint concerned conversion of property misappropriated by Father and the fact that property was initially awarded to Father in the Decree has no

bearing on the Appellants' contentions. The Appellants maintain that the Dissolution Court's jurisdiction should not be eternal and the resolution of their complaint did not require any review or enforcement of the Decree. The Appellants also argue that it was error to dismiss their complaint under 12(B)(8) because there is no similarity of parties, subject matter, or remedies between the present action and the dissolution.

[8] It is a firmly established rule that a court that issues a dissolution decree retains exclusive and continuing jurisdiction to hear issues seeking clarification, interpretation, and enforcement of the dissolution decree. *Fackler v. Powell*, 839 N.E.2d 165, 167-68 (Ind. 2005). *See also Russell v. Russell*, 693 N.E.2d 980, 982 (Ind. Ct. App. 1998) (determining that a dissolution court retains jurisdiction to clarify and enforce a property settlement agreement that was part of the dissolution decree), *trans. denied*; *Anderson v. Anderson*, 399 N.E.2d 391, 400 (Ind. Ct. App. 1979) (holding that a dissolution court maintains exclusive jurisdiction to decide questions pertaining to marital property).

[9] Father asserts that *Fackler v. Powell* is directly on point with the present case. We agree. In *Fackler*, after a property settlement agreement was approved by the dissolution court and incorporated into the dissolution decree, the wife later filed an action in a different trial court, which alleged that the husband owed her money pursuant to the decree; the wife also named the husband's living trust as a named party. 839 N.E.2d at 166. The husband filed a motion to dismiss the action filed by the wife, contending that the dissolution court held exclusive jurisdiction over the subject matter at issue in the wife's complaint,

but the trial court disagreed and held that it possessed subject matter jurisdiction over the action, denying the husband's motion. *Id.* On transfer, our Supreme Court held that the dissolution court retained jurisdiction to interpret the terms of its property settlement agreements and to enforce them and determined that the trial court lacked jurisdiction to decide the rights of the parties under the dissolution decree. *Id.* at 167. Although the wife argued that her claim was brought against two separate legal entities, her husband and his living trust, and that the dissolution court would have no jurisdiction over the living trust, the Supreme Court was not persuaded by her argument, and held that the wife had not proven that it would be improper to join the living trust in an enforcement action through the dissolution court or that she would not otherwise be able to enforce a judgment obtained through the dissolution court against the living trust. *Id.* at 170.

[10] Here, the educational accounts at issue and how they were to be handled were dealt with in the Decree issued by the Dissolution Court. Of concern to the Appellants' claims was Father's alleged dissipation of the funds in the accounts and the proper way Father was to handle the funds. In order to determine the merits of what happened with the funds in the accounts and how Father used the funds, an interpretation of the Decree was needed. As the Dissolution Court was in the best position to properly interpret the Decree and because, pursuant to *Fackler*, it retained jurisdiction to interpret the terms of the Decree and to enforce it, proper jurisdiction for the Appellants' contentions rested with the Dissolution Court.

The Appellants contend that their lawsuit is not a case where they are requesting the trial court to interpret, modify, or enforce the Decree issued by the Dissolution Court; instead, they are seeking to redress Father's alleged misappropriation of property he was awarded under the Decree as custodian of the property. However, in order to award damages for conversion, which is what the Appellants are seeking, the portion of the Decree that awarded the educational accounts to Father would need to be interpreted and enforced, and if an award of damages is denied, this would likewise involve the interpretation and enforcement of part of the Decree. Because of the Dissolution Court's continuing jurisdiction, such actions need to occur in that court and not the trial court.

The Appellants also assert that their claims were not required to be filed in the Dissolution Court because the Children were not parties to the dissolution proceedings and have no standing to seek interpretation or enforcement of the Decree. However, several provisions of the Decree relate to the support and care of the Children, and although not named partied to the dissolution proceedings, these provisions, including the ones at issue, make clear that they were intended beneficiaries of parts of the Decree. Mother, who was a named party to the dissolution and joined the current lawsuit as next friend to the Children, can stand in and represent the Children in the dissolution action and request interpretation and enforcement of the pertinent provisions of the Decree in the same fashion as she could request interpretation and enforcement of child support provisions in the Decree.

[13] The Appellants also argue that it was error to grant Father's motion to dismiss based on Trial Rule 12(B)(8). Under Trial Rule 12(B)(8), dismissal of an action is permitted when the "same action [is] pending in another state court of this state." This rule employs the general principle that, when an action in pending in an Indiana court, other Indiana courts must defer to that court's authority over the case. *Bosley v. NIKTOB, LLC*, 973 N.E.2d 602, 605 (Ind. Ct. App. 2012), *trans. denied*. "The rule applies where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same." *Beatty*, 893 N.E.2d at 1084.

[14] In the present case, the Appellants' action filed in the trial court and the dissolution action are at least substantially the same. The subject matter in both actions related to the educational accounts and the proper way they were to be handled pursuant to the Decree. The ability of the Appellants' to be able to recover any misappropriated funds depends on the interpretation of the provisions in the Decree concerning the educational accounts. Therefore, both actions require interpretation and enforcement of certain provisions in the Decree dealing with the educational accounts.

[15] As for the parties under both actions, Mother was a party to the dissolution action and joined the action in the trial court as the next friend of the Children. Although the Children were not named parties to the dissolution action, they are minors and numerous provisions in the Decree were set forth for their benefit, specifically the provisions relating to the educational accounts that were to be "owned by [Father] for the benefit of the individual children." *Appellants'*

*App.* at 45. Mother, as their next friend, was able to join the action filed in the trial court to represent the Children's interests and should also be able to seek to have the pertinent provisions of the Decree interpreted and enforced on their behalf in the dissolution action. Therefore, the parties under both actions are substantially the same.

[16] Concerning the remedies, as part of the dissolution proceedings, the Dissolution Court divided the marital estate and established the rights of each of the parties to the marital property, including the educational accounts; as part of the dissolution action, these provisions can be interpreted and enforced. The conversion action filed in the trial court sought a determination that Father committed conversion by misappropriating the funds in the educational accounts, which would necessitate interpreting and enforcing the provisions in the Decree dealing with the educational accounts. We, therefore, conclude that the remedies in both actions are substantially the same. Because the parties, subject matter, and remedies are substantially the same, the trial court did not err in dismissing the Appellants' action pursuant to Trial Rule 12(B)(8).

[17] The Appellants additionally argue that the trial court erred in granting Father's motion to dismiss without considering their timely-filed response to the motion. Assuming without deciding that the trial court erred in not considering the Appellants' response, "[Indiana] Appellate Rule 66(A) makes clear that an error in the trial court does not warrant reversal on appeal 'where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.'" *LaPorte Cmty. Sch. Corp. v. Rosales*, 963 N.E.2d

520, 525 (Ind. 2012) (quoting Ind. Appellate Rule 66(A)). Because we have concluded that the trial court properly dismissed the Appellants' action, we find that any error in not considering the Appellants' response did not affect their substantial rights. Further, the Appellants do not set forth how they were prejudiced by the trial court's failure to consider their response. We, therefore, conclude the trial court did not commit reversible error in not considering the Appellants' response.

[18] Affirmed.

[19] Riley, J., and Pyle, J., concur.