## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2017, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Melissa J. Haley
Boonville, Indiana

ATTORNEY FOR APPELLEE

Jonathan M. Young
Newburgh, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher E. Wilson,<br>*Appellant-Respondent,*<br><br>v.<br><br>Lora B. (Wilson) Monnier,<br>*Appellee-Petitioner* | January 30, 2017<br><br>Court of Appeals Case No.<br>87A05-1605-DR-1169<br><br>Appeal from the Warrick Circuit<br>Court<br><br>The Honorable Greg A. Granger,<br>Judge<br><br>Trial Court Cause No.<br>87C01-0608-DR-401 |

**Altice, Judge.**

### Case Summary

[1] The parties' marriage was dissolved in December 2006. Due to Christopher E. Wilson's nonpayment of certain obligations, Lora B. (Wilson) Monnier has filed a number of informations for contempt and motions for proceedings

supplemental over the last decade. In its most recent order, the trial court found Wilson in contempt and entered judgment against him and in favor of Monnier in the amount of $26,542.05. On appeal, Wilson contends that this order constituted an improper modification of the Decree of Dissolution of Marriage (the Decree).

[2] We affirm.

## Facts & Procedural History

[3] Shortly after Monnier filed for dissolution, a provisional order was issued in September 2006. Among other things, the order addressed the parties' credit card debt and provided that Wilson pay $200 per month to Monnier to be used by her to make payments on said debt. The Decree, which was entered December 12, 2006, divided the marital credit card debt between the parties as follows:

> The Husband shall be responsible for the payment of Three Hundred Dollars ($300.00) per month and the Wife shall be responsible for the payment of One Hundred Dollars ($100.00) per month, a total of Four Hundred Dollars ($400.00) per month, one-half to be paid on the credit card with Citi Simplicity and the other one-half to be paid on the credit card with Chase. The Husband shall pay the Three Hundred Dollars ($300.00) per month to the office of the Warrick County Clerk, through a wage assignment, to be executed by the Husband and delivered to his employer. The Wife shall then be responsible to make the Two Hundred Dollar ($200.00) per month payments on the credit cards.

*Appendix* at 36. The Decree was silent as to the total amount of credit card debt owed by the parties.

[4] On June 21, 2007, Monnier filed her first information for contempt against Wilson due to his failure to pay his monthly share toward the credit card debt, as well as his failure to pay child support as ordered by the Decree. Following a contempt hearing that Wilson did not attend, the trial court entered an order on July 24, 2007 (the 2007 Order). The court found Wilson in direct violation of the Decree with respect to payment of child support and marital debt and determined the total amount of Wilson's arrearage to be $8158. The 2007 Order parsed the total arrearage: $5258 for unpaid child support and $2900 for unpaid amounts toward the credit card debt. The trial court reduced to judgment these amounts and ordered interest of 18% and 8% per annum, respectively.

[5] From 2008 to 2010, Monnier filed a number of proceedings supplemental in an attempt to satisfy the judgment related to the credit card debt. She also filed at least two additional informations for contempt against Wilson due to his continued failure to comply with the Decree. Wilson failed to appear for all but a couple hearings. It is not clear from the record how these matters were resolved by the trial court.

[6] On December 23, 2015, Monnier filed another information for contempt and motion for proceedings supplemental. Following an evidentiary hearing, the

transcript of which Wilson chose not to provide us with on appeal,[1] the trial court issued an order on April 26, 2016 (the 2016 Order). In this order, the trial court first set out the parties' monthly obligations as to the marital debt that were established in the Decree. The court then explained that by its 2007 Order, it entered judgment against Wilson in the amount of $2900, "which represented his failure up to that point to make the monthly marital debt payments." *Id*. at 79. The 2016 order provided further:

3. At the hearing of April 7, 2016, [Monnier] testified she made the marital debt payments which were paid off in May of 2014. She also testified the total payments on the marital debt from December 12, 2006 until May, 2014 totaled $33,900.00.

4. The Court computes interest on the judgment of the partial marital debt to be $1,991.33.

5. Both parties agree that [Wilson] has overpaid child support in the amount of $1,963.78.

6. The Court computes the payoff of the marital debt following the July 24, 2007 Order to be $33,900.00 - $4,891.44 ($2,900 + $1,963.78) = $29,008.67. Under the Decree of December 12, 2006, [Wilson] was to pay 75% of the monthly marital debt. The

[1] Monnier argues that Wilson has waived his argument on appeal by failing to request a transcript. "Although not fatal to an appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (quoting *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992)). Resolution of the issue presented by Wilson on appeal does not require consideration of the evidence presented at the hearing. Accordingly, waiver is not warranted here.

Court concludes [Wilson's] portion of the marital debt to be $21,756.50.

7. The Court finds that [Wilson's] failure to pay his portion of the marital debt was willful and intentional and in indirect contempt of the Court's Order.

8. The Court finds [Monnier] has incurred reasonable attorney fees in the amount of $1,358.00 to pursue her Information for Contempt.

9. [Wilson] has also failed to pay $500.00 in attorney fees to [Monnier's] counsel, pursuant to the Court's judgment of January 7, 2010.

10. The Court enters a finding that [Wilson] owes [Monnier] the sum of $26,542.05 ($21,756.50 + $4,891.33 + $500.00 + $1,358.00 - $1,963.78). The Court enters Judgment in favor of [Monnier] in this amount. This amount is subject to a wage garnishment order. Counsel for [Monnier] is to submit a proposed garnishment order.

*Id*. at 80. Wilson appeals from the 2016 Order.

## Discussion & Decision

[7] Wilson's sole argument on appeal is that the 2016 Order constituted an improper modification of the Decree and resulted in an increase of the amount of marital credit card debt owed by him.[2] He asserts that although the Decree

---

[2] Wilson does not challenge the trial court's contempt finding. We note, however, that awards of fixed sums of money (either in a lump sum or installments) are not enforceable by contempt. *Mitchell v. Mitchell*, 871

was silent as to the total amount of credit card debt owed by each party, the 2007 order clarified that the balance owed by Wilson was $2900. This argument strains logic and misconstrues the import of the 2007 Order.

[8] It is well established that a court that issues a dissolution decree retains jurisdiction to interpret, clarify, and enforce its decree. *See Fackler v. Powell*, 839 N.E.2d 165, 167-169 (Ind. 2005). Dissolution orders regarding property disposition, however, may not be revoked or modified by the court, except in the case of fraud. Ind. Code § 31-15-7-9.1. *See also In re Marriage of Preston*, 704 N.E.2d 1093, 1099 (Ind. Ct. App. 1999) ("trial court could not modify or revoke the first decree absent fraud, duress or undue influence").

[9] The only fair reading of the 2007 Order indicates that the court was simply enforcing the Decree – not clarifying it or modifying it. As of the date of the order, the court determined Wilson's arrearage with respect to the credit card payments to be $2900. In other words, he owed $2900 to Monnier due to his failure to make monthly payments as set out in the Decree. The 2007 Order did not – nor could it– establish a sum certain for Wilson's entire obligation related to the credit card debt, which had yet to be paid off. That would have constituted an improper modification of the Decree.

N.E.2d 390, 395 (Ind. Ct. App. 2007). Indiana Trial Rule 69 is the correct remedy for noncompliance with a money judgment. *Id.*

[10] In the 2016 Order, the court was once again tasked with enforcing the Decree due to years of nonpayment by Wilson. This involved determining the current amount owed by Wilson for the credit card debt. By this point, the credit cards had been paid off by Monnier. This fact made it possible for the court to determine the total amount of credit card debt for which each party was responsible using the percentages provided in the Decree. Along with the amount owed by Wilson for the credit card debt, the judgment amount included attorney fees and an adjustment for Wilson's overpayment of child support.[3] Wilson has failed to establish error.

[11] Judgment affirmed.

[12] Riley, J. and Crone, J., concur.

---

[3] The trial court's calculation is difficult to understand and appears unnecessarily complicated. Regardless, Monnier's passing claim in her appellate brief that the court gave Wilson double credit for his overpayment of child support is incorrect. Additionally, we observe that the sole case cited by Monnier in this regard was withdrawn from the bound volume and is not properly relied upon.